# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 04-3560

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Patrick James McMannus, | * | |
| | * | |
| Appellee. | * | |

_____

No. 04-3561

_____

Appeals from the United States
District Court for the
Northern District of Iowa.

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| Sheri Brinton, | * |
| | * |
| Appellee. | * |

_____

Submitted: November 15, 2005
Filed: February 3, 2006

_____

Before MURPHY, McMILLIAN[1] and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Patrick James McMannus and Sheri Brinton (collectively, "the defendants") each pled guilty to conspiracy to distribute and possession with intent to distribute methamphetamine and marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1) and 846. Brinton also pled guilty to using the United States Postal Service to facilitate drug trafficking in violation of 21 U.S.C. § 843(b) and to involving a person under the age of eighteen in drug trafficking in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), 861(a)(1) and 861(b). The district court sentenced McMannus to 24 months' imprisonment and Brinton to 120 months' imprisonment. Each sentence varied considerably below the defendant's advisory United States Sentencing Guidelines range. The Government appeals both sentences as unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). For the reasons discussed below, we vacate both sentences and remand for resentencing.

## I.    BACKGROUND

Prior to the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), the defendants pled guilty pursuant to plea agreements. In those plea agreements, the defendants agreed to be sentenced pursuant to the guidelines, stipulated to facts that determined their guidelines ranges, and agreed to appropriate applications of the guidelines. The defendants were sentenced in separate sentencing hearings, both of which occurred after *Blakely* but before *Booker*.

_____

[1]The Honorable Theodore McMillian died on January 18, 2006. This opinion is being filed by the remaining judges of the panel pursuant to 8th Cir. Rule 47E.

At McMannus's hearing, the district court referred to McMannus's guidelines range of 57 to 71 months but announced that the guidelines were "facially unconstitutional." It then deemed McMannus to be safety-valve eligible under 18 U.S.C. § 3553(f), thereby freeing McMannus of the statutory minimum sentence of 60 months, and concluded it thus was "free to impose any sentence between zero and 40 years." Without further explanation, the district court imposed a sentence of 24 months' imprisonment. It also provided an alternative sentence of 57 months in the event the guidelines were found to be constitutional.

At Brinton's sentencing hearing, the district court announced at the outset that the guidelines were "clearly unconstitutional" and that its "sentencing discretion with the guidelines being held unconstitutional would be ten years to life[.]" Later in the hearing, the district court reasoned:

> I'm going to sentence you within the statutory sentencing provisions of ten years to life utilizing the factors contained in Title 18, section 3553(a)(1) through (7). Primarily based on the fact that you have no prior criminal history points, it's my judgment that you're hereby sentenced to . . . 120 months in prison.

The district court proceeded to comment that this statutory mandatory minimum sentence of 120 months is a "very long sentence" and that the guidelines are "incredibly arbitrary." The district court also imposed an alternative sentence, "the bottom of the United States Sentencing Guideline of 262 months," in the event the guidelines were found to be constitutional. This mention of "262 months" was the only reference by the district court to the guidelines range identified in Brinton's presentence investigation report as 262 to 327 months.

## II.    DISCUSSION

The district court imposed sentences in excess of 50 percent below the low end of the defendants' guidelines ranges. The Government argues that these sentences

are unreasonably low and that the defendants should be resentenced within their guidelines ranges in accordance with the stipulated applications of the guidelines in their plea agreements.

The imposition of an unreasonable sentence is a violation of the law. *United States v. Frokjer*, 415 F.3d 865, 875 n.3 (8th Cir. 2005). Although a sentence within the guidelines range is presumed reasonable, *United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir. 2005), a district court may vary from the guidelines range based on the factors set forth in 18 U.S.C. § 3553(a). *See Booker*, 125 S. Ct. at 765. If the district court selects a sentence outside the guidelines range, the issue we face is whether there are factors under § 3553(a) that would make the sentence reasonable. *United States v. Haack*, 403 F.3d 997, 1003 (8th Cir. 2005). A sentence outside the guidelines range is not presumed to be reasonable. *United States v. Wattree*, No. 04-3151, slip op. at 8 (8th Cir. Dec. 15, 2005).

In order to assist us in discharging our responsibility of determining reasonableness, we have encouraged district courts to follow a procedure whereby they first determine the advisory guidelines range and then consider the factors set forth in § 3553(a) to determine whether to impose a sentence under the guidelines or a non-guidelines sentence. *Haack*, 403 F.3d at 1002-03. We do not require district courts to make "robotic incantations" that each § 3553(a) factor has been considered. *United States v. Lamoreaux*, 422 F.3d 750, 756 (8th Cir. 2005) (quoting *United States v. Crosby*, 397 F.3d 103, 113 (2d. Cir. 2005)). However, the farther the district court varies from the presumptively reasonable guidelines range, the more compelling the justification based on the § 3553(a) factors must be. *See* 18 U.S.C. § 3553(c)(2) ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence . . . is outside the [guidelines] range . . ., the specific reason for the imposition of a sentence different from that described."); *United States v. Dalton*, 404 F.3d 1029, 1033 (8th Cir. 2005) ("An extraordinary [sentencing] reduction must be supported by extraordinary circumstances."). We are mindful that the district court imposed McMannus's and

Brinton's sentences prior to *Booker* and without the benefit of our subsequent decisions. However, district courts are expected to calculate correctly the guidelines range, *United States v. Mashek*, 406 F.3d 1012, 1017 (8th Cir. 2005), and state specific reasons for varying from that range. 18 U.S.C. § 3553(c)(2); *see also* 18 U.S.C. § 3742(f)(2) (requiring appellate courts to remand when the district court fails to provide reasons for its sentencing variance). In turn, we will review those reasons and the record to determine whether the district court's sentence is reasonable.

We review the reasonableness of a sentence for an abuse of discretion. *Dalton*, 404 F.3d at 1032. "There is a range of reasonableness available to the district court in any given case." *United States v. Saenz*, 428 F.3d 1159, 1164-65 (8th Cir. 2005). In choosing a sentence, a district court can abuse its discretion if it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case." *Haack*, 403 F.3d at 1004. After reviewing the district court's stated reasons for Brinton's sentence and the record in light of § 3553(a) for Brinton and McMannus, we hold that the district court abused its discretion by arriving at sentences outside the ranges of reasonableness.

In Brinton's case, the district court imposed a sentence of 120 months, 142 months below the low end of the presumptively reasonable guidelines range, "[p]rimarily based on the fact that [Brinton had] no prior criminal history points." *See* 18 U.S.C. § 3553(a)(1) (instructing the sentencing court to consider "the history and characteristics of the defendant"). In light of § 3553(a), we do not believe that Brinton's lack of criminal history, which is one of the considerations that determined her advisory guidelines range, *see* U.S.S.G. ch. 4, or anything else in the record justifies a variance of this magnitude. The sentence selected by the district court, a 54 percent variance, was outside the range of reasonableness. Therefore, we vacate Brinton's sentence as unreasonable.

In McMannus's case, the district court failed to provide any explanation for imposing a sentence of 24 months, 33 months below the low end of the presumptively reasonable guidelines range. While we can identify factors that may warrant a minor variance from the guidelines range, e.g., McMannus put himself through community college while on pretrial release, *see* 18 U.S.C. § 3553(a)(1), we find nothing in the record which would justify a variance of this magnitude under § 3553(a). The sentence selected by the district court, a 58 percent variance, was outside the range of reasonableness. Therefore, we vacate McMannus's sentence as unreasonable.

## III.   CONCLUSION

For the reasons discussed above, we vacate Brinton's and McMannus's sentences as unreasonable and remand both cases for resentencing consistent with this opinion.

_____