# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-1064

———————

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Nebraska. |
| Clinton L. McGhee, | * |
| | * [PUBLISHED] |
| Appellee. | * |

———————

Submitted: September 24, 2007
Filed: January 16, 2008

———————

Before COLLOTON, BEAM, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Clinton McGhee pled guilty to possession with intent to distribute more than 50 grams of cocaine base (crack cocaine), in violation of 21 U.S.C. § 841(a)(1) and (b)(1), and possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. 924(c)(1). For reasons detailed in a 19-page sentencing memorandum, the district court[*] sentenced McGhee to 132 months' imprisonment on

———————

[*]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

the drug charge and 60 months' imprisonment on the firearms charge, to be served consecutively. The government appeals, arguing that the district court abused its discretion by departing by one criminal history category under USSG § 4A1.3, that the court impermissibly took into account its disagreement with the sentencing guidelines for crack cocaine, *see United States v. Spears*, 469 F.3d 1166 (8th Cir. 2006) (en banc), *vacated*, No. 06-9864, 2008 WL 59232 (U.S. Jan. 7, 2008), and that while the other reasons cited by the district court were permissible considerations under 18 U.S.C. § 3553(a), *see United States v. Lazenby*, 439 F.3d 928, 933-34 (8th Cir. 2006), this court should reverse the district court's "extraordinary variance" from the pre-departure guidelines range of 235 to 293 months' imprisonment on the drug charge, because there were not "extraordinary circumstances" to justify it. *See* Appellant's Br. 19 (citing *United States v. Dalton*, 404 F.3d 1029, 1033 (8th Cir. 2005)).

After *United States v. Booker*, 543 U.S. 220 (2005), we review a sentence to determine whether it is unreasonable with regard to 18 U.S.C. § 3553(a), applying a "deferential abuse-of-discretion standard." *Gall v. United States*, 128 S. Ct. 586, 591 (2007). We conclude that whether the district court's decision to depart downward under USSG § 4A1.3 is considered a "procedural" aspect of "calculating the Guidelines range," *see* 128 S. Ct. at 597 (punctuation omitted), or part of "substantive" reasonableness review, *see id.* at 594 (rejecting a rule that requires "proportional" justifications for "departures" from the guidelines range), it is evident that the district court would have reached the same outcome under § 3553(a), and there was no abuse of discretion in concluding that McGhee's criminal history differed meaningfully from the active violent behavior often associated with defendants in criminal history category VI. *See Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004). We further conclude that the district court did not abuse its discretion in concluding that the crack cocaine guidelines yielded a sentence "greater than necessary" to achieve the purposes of § 3553(a). *See Kimbrough v. United States*, 128 S. Ct. 558, 575 (2007). The government's argument that the sentence is unreasonably

lenient due to the absence of "extraordinary circumstances" fails in light of *Gall*. There, while highlighting that a district court has responsibility in the first instance to provide "sufficient justifications" that "explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate," *Gall*, 128 S. Ct. at 594, the Court also rejected "an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range." *Id*. at 595. Assuming the district court's variance from the advisory guidelines range on the drug count could be characterized as "extraordinary," we understand the Court's opinion in *Gall* also to preclude a requirement of "extraordinary circumstances" to justify an "extraordinary variance," for that was the only type of sentence outside the guidelines range to which this court had applied an "extraordinary circumstances" requirement. *See Kimbrough*, 128 S. Ct. at 578 (Thomas, J., dissenting) ("Today in *Gall v. United States*, the Court holds that a Court of Appeals may not require sentences that deviate substantially from the Guidelines range to be justified by extraordinary circumstances."). Applying the "deferential abuse-of-discretion standard" described in *Gall*, and abiding by *Gall*'s direction to refrain from "proportionality review," we affirm the judgment of the district court. *See Gall*, 128 S. Ct. at 597 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.").

_____