# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2447

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Patrick James McMannus, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: January 30, 2008
Filed: February 7, 2008

_____

Before MELLOY, SMITH and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Patrick James McMannus pled guilty to conspiracy to distribute methamphetamine and other offenses. The district court[1] varied from an advisory sentencing guidelines range of 57 to 71 months and imposed a sentence of 24 months' imprisonment. The Government appealed the sentence, and we vacated McMannus's sentence as unreasonable because extraordinary variances required extraordinary

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

circumstances and the district court failed to provide a sufficient explanation for the variance. *United States v. McMannus*, 436 F.3d 871, 874 (8th Cir. 2006) ("*McMannus I*"). On resentencing, the district court, relying on McMannus's post-sentencing rehabilitation, again imposed a sentence of 24 months' imprisonment. Alternatively, the district court announced that it would have imposed the same sentence even if it had not considered McMannus's post-sentencing rehabilitation because McMannus quit using drugs after his first arrest in 2001, put himself through community college while on pretrial release, was employed while on pretrial release and was highly commended by his employer, was a "model" citizen while on pretrial release, and passed all of his drug tests. The Government again appealed, and we vacated McMannus's sentence and remanded for resentencing based on our circuit's precedent holding that post-sentencing rehabilitation is an impermissible factor for the district court to consider. *United States v. McMannus*, 496 F.3d 846, 851-52 (8th Cir. 2007) ("*McMannus II*") (citing *United States v. Jenners*, 473 F.3d 894, 899 (8th Cir. 2007)). Additionally, we rejected the district court's alternative reasons for imposing the 24-month sentence because, as we decided in *McMannus I*, the circumstances were not sufficiently extraordinary to support such an extraordinary variance. *Id.* at 852.

McMannus filed a petition for rehearing. Shortly thereafter, the Supreme Court decided *Gall v. United States*, 552 U.S. ---, 128 S. Ct. 586 (2007), which rejected our requirement of extraordinary circumstances to justify extraordinary variances. *Id.* at 594; *United States v. McGhee*, --- F.3d ---, 2008 WL 141168, *1 (8th Cir. 2008). As a result, on January 30, 2008, we granted McMannus's petition for rehearing and vacated *McMannus II*[2] to determine whether, in the absence of post-sentencing rehabilitation evidence, a sentence of 24 months' imprisonment was unreasonable in light of *Gall*. Applying the "deferential abuse-of-discretion standard" in *Gall*, we now conclude that the district court's alternative reasons provide "sufficient justification"

_____

[2]In *McMannus II*, we also vacated the sentence of McMannus's co-defendant, Sheri Brinton. Our decision to vacate *McMannus II* is limited to McMannus and does not affect our prior decision regarding Brinton.

to support the district court's decision to vary from the advisory sentencing guidelines range to a sentence of 24 months' imprisonment. *See Gall*, 128 S. Ct. at 591, 594. Accordingly, we affirm McMannus's sentence.

_____