# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-2676

———————

United States of America,

        Appellee,

v.

Gary Marcus Smith,

        Appellant.

\*    Appeal from the United States
District Court for the
Eastern District of Arkansas.

[UNPUBLISHED]

———————

Submitted: May 1, 2008
Filed: May 6, 2008

———————

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

In this direct criminal appeal, Gary Smith (Smith) challenges the 108-month prison sentence the district court[1] imposed following Smith's guilty plea to securities fraud and failure to register as a broker-dealer, in violation of 18 U.S.C. §§ 1348 and 2(b), and 15 U.S.C. §§ 78o and 78ff(a). Smith argues (1) the district court erred in refusing to depart downward from the advisory Guidelines sentencing range based on Smith's extraordinary restitution efforts, and (2) his sentence is unreasonable.

———————

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

Upon careful review of the record, we conclude the district court's decision not to depart downward is unreviewable, because the court was aware of its authority to depart and of the arguments advanced in support of a downward departure, and determined a departure was not warranted. See United States v. Miles, 499 F.3d 906, 909-10 (8th Cir. 2007) (explaining a district court's awareness of the defendant's arguments precludes a conclusion the court abused its discretion in failing to adopt them); United States v. Frokjer, 415 F.3d 865, 875 (8th Cir. 2005) (stating a district court's discretionary decision not to depart downward is unreviewable; declining to review the defendant's claim that she was entitled to a departure when the court clearly recognized it had authority to depart and declined to exercise that authority). We further conclude Smith's sentence, at the bottom of the uncontested, advisory Guidelines range, is not unreasonable. See United States v. McGhee, 512 F.3d 1050, 1051 (8th Cir. 2008) (per curiam) (holding, after United States v. Booker, 543 U.S. 220 (2005), this court reviews a sentence to determine whether the sentence is unreasonable with regard to 18 U.S.C. § 3553(a) by applying a deferential abuse-of-discretion standard, citing Gall v. United States, 128 S. Ct. 586, 591 (2007)); United States v. Haack, 403 F.3d 997, 1003-04 (8th Cir. 2005) (declaring a district court abuses its discretion by imposing an unreasonable sentence when the court overlooks a relevant factor, gives significant weight to an improper or irrelevant factor, or makes a clear error of judgment in weighing appropriate factors).

We affirm.

_____