# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1958

_____

United States of America

*Plaintiff - Appellee*

v.

David Edward Adney

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: November 4, 2014
Filed: November 7, 2014
[Unpublished]

_____

Before LOKEN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

David Edward Adney directly appeals the sentence imposed by the district court[1] after he pleaded guilty to being a felon in possession of firearms, in violation

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  His counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw.  After careful review, we affirm.

The district court did not err in applying a 4-level enhancement for possessing the firearms in connection with another felony offense, as the record showed that the firearms facilitated or had the potential to facilitate Adney's commission of the felony offense of harassment in the first degree.  *See* U.S.S.G. § 2K2.1(b)(6)(B) & comment. (n.14); *United States v. Betts*, 509 F.3d 441, 445 (8th Cir. 2007) (de novo review of district court's application of Guidelines, and clear-error review of its factual findings); Iowa Code §§ 708.7.2, 903.1.2 (harassment in first degree; 0-2 year prison sentence).  The district court did not abuse its discretion in granting the government's motion for an upward departure, as Adney's 15 unscored adult convictions--many of which involved violence or threats thereof--provided an adequate basis for departure, and the court stated adequate reasons for the extent of the departure.  *See United States v. Gonzalez*, 573 F.3d 600, 605-06 (8th Cir. 2009) (standard of review; district court may take into account evidence of obvious incorrigibility and may conclude that past leniency has not been effective); *United States v. Walking Eagle*, 553 F.3d 654, 657-58 (8th Cir. 2009) (finding no error in upward departure, as defendant's multiple unscored convictions for assaults, threats, and assaulting officer indicated that he was dangerous to others and had strong likelihood of recidivism).  Finally, the district court did not abuse its discretion in sentencing Adney at the top of his amended Guidelines range, as the court provided a detailed explanation of its sentence, emphasizing Adney's violent and abusive history, and the dangerous, potentially fatal circumstances of this offense.  *See Gonzalez*, 573 F.3d at 605, 607 (standard of review); *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (substantive review is narrow and deferential to sentencing court).

An independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), reveals no nonfrivolous issues for appeal.

Accordingly, the judgment is affirmed.  Counsel's motion to withdraw is granted.

_____