# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-1358

_____

United States of America

*Plaintiff - Appellee*

v.

Billy D. Thorne

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: January 10, 2018
Filed: July 20, 2018
[Published]

_____

Before SMITH, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

This case returns to us after a resentencing on remand. Billy D. Thorne was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C.

§ 922(g)(1). On remand, the district court[1] sentenced him to the statutory maximum of 120 months' imprisonment, applying an upward variance of 83 months from the high end of the Guidelines range. Thorne now challenges that sentence as substantively unreasonable. We affirm.

I. *Background*

In July 2012, Thorne obtained a gun in Mason City, Iowa, and threatened to kill his son and his son's girlfriend. Thorne was prosecuted by Iowa state authorities and later convicted of first-degree harassment, in violation of Iowa Code § 708.7(2). In December 2013, Thorne was indicted in the Northern District of Iowa for being a felon in possession of a firearm. A jury found him guilty in April 2014. At sentencing, the district court determined that Thorne was an armed career criminal (ACC) and sentenced him to 262 months' imprisonment. *See* 18 U.S.C. § 924(e)(1). The court used Thorne's prior burglary convictions from Florida as predicate offenses for its ACC finding. Thorne appealed. Following the government's concession that the Florida second degree burglary convictions that formed the basis of Thorne's ACC status did not qualify as violent felonies, we remanded for resentencing. *United States v. Thorne*, 837 F.3d 888, 889 (8th Cir. 2016) (per curiam).

At resentencing, the presentence investigation report (PSR) set Thorne's total offense level at 18. This included a four-level enhancement for using the firearm in connection with another felony. *See* U.S.S.G. § 2K2.1(b)(6)(B).[2] The PSR also listed 18 criminal convictions. Six of those convictions occurred on March 5, 1997, and were based on a string of burglaries Thorne committed in Florida in August and

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

[2]First-degree harassment is an aggravated misdemeanor under Iowa law. However, it is a felony with regard to this enhancement. *See United States v. Adney*, 582 F. App'x 667, 667 (8th Cir. 2014) (per curiam).

September 1996. Thorne was imprisoned for those offenses until 2012. This enabled them to be assigned criminal history points. *See* U.S.S.G. § 4A1.2(e). However, despite their numerosity, because each conviction had the same date of arrest and date of sentencing, they only caused Thorne to be assessed three criminal history points. *See* U.S.S.G. § 4A1.2(a)(2). His resulting criminal history category was II. Combined with his total offense level of 18, Thorne's Guidelines range was 30 to 37 months' imprisonment. He faced a statutory maximum of ten years' imprisonment. *See* 18 U.S.C. §§ 922(g)(1) & 924(a)(2).

The government requested an upward variance to 120 months' imprisonment. It argued that the Guidelines range inadequately accounted for Thorne's criminal history. It also argued that the sentence needed to address the seriousness of the offense, to afford adequate deterrence to criminal conduct, and to protect the public.

Thorne argued that a Guidelines sentence was appropriate. He claimed that the burglaries were over 20 years old and that several of his other convictions were even older. Thorne noted that all the Florida burglaries occurred in a short period of time and that he had served a lengthy sentence for them. He also argued that health issues; problems with drugs; and his age (he was 60 years old on the date of resentencing) warranted the court's consideration. Additionally, he asked the court to credit him for a drug program he had participated in since his initial sentencing.

The court stated that it had considered all of the sentencing factors under 18 U.S.C. § 3553(a) and concluded that "the nature and circumstances of the offense and the history and characteristics of the defendant cry out for a variance upward to 10 years. I find he is a danger to the community. I find he is at high risk to recidivate." Transcript of Sentencing Hearing at 21–22, *United States v. Thorne*, No. 3:13-cr-03052-LRR (N.D. Iowa Feb. 2, 2017), ECF No. 129. The court held that any mitigating factors, such as his health, age, and background, were outweighed by aggravating factors. The court then sentenced Thorne to 120 months' imprisonment.

## II. *Discussion*

On appeal, Thorne argues that the district court misweighed the factors, rendering his sentence substantively unreasonable. He argues that the court gave insufficient weight to certain factors he presented at sentencing: namely, his drug history, his health issues, and his post-incarceration self-improvement efforts. Our review of a sentence typically begins by determining whether the district court committed a significant procedural error. *See United States v. Williams*, 624 F.3d 889, 896 (8th Cir. 2010) (citation omitted). However, when no procedural error is alleged, we may "bypass the first part of our review and move directly to review the substantive reasonableness of [the] sentence." *United States v. Franik*, 687 F.3d 988, 990 (8th Cir. 2012) (quoting *United States v. Werlein*, 664 F.3d 1143, 1146 (8th Cir. 2011). We

> "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall* [*v. United States*, 552 U.S. 38, 51, (2007)]. In conducting this review, we are to "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* If the defendant's sentence is within the Guidelines range, then we "may, but [are] not required to, apply a presumption of reasonableness." *Id.* But we are not permitted to apply a presumption of unreasonableness if the sentence is outside the Guidelines range. *Id.* Instead, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* We *may not* require "'extraordinary' circumstances to justify a sentence outside the Guidelines" and are prohibited from "the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." *Id.* at [47]. Just because we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.* at [51].

*United States v. Feemster*, 572 F.3d 455, 461–62 (8th Cir. 2009) (en banc) (second alteration in original).

Thorne argues that his mental and physical health struggles should have received greater weight. Thorne highlights diagnoses in his youth for depressive disorder and antisocial personality disorder. He also asserts that a suicide attempt and the death of his father while he was still a teenager demonstrate that his mental health should have been weighted substantially more than it was. He describes his drug use as developing in tandem with his mental health problems, and he states that he has used illegal drugs, including crack cocaine and methamphetamine, for most of his life. In addition to mental health issues, Thorne also notes he has developed diabetes and high blood pressure in recent years. Thorne argues that these facts, along with his participation in a 40-hour drug education program while in prison and monthly counseling sessions, militate against an above-Guidelines sentence.

Thorne contends that the court erred by considering factors to be aggravating that were already taken into account by the Guidelines sentence. He cites *United States v. Martinez*, 821 F.3d 984 (8th Cir. 2016), and *United States v. McMannus*, 436 F.3d 871 (8th Cir. 2006), for the proposition that large variances based on factors already taken into account by the Guidelines are disfavored. Upon examination, we conclude that neither of these cases requires reversal.

In *Martinez*, the district court relied on a Nebraska escape conviction in determining the defendant was a career offender and sentenced him to 262 months. 821 F.3d at 986–87. His Guidelines range without that determination would have been 121 to 151 months. *Id.* at 989. In light of the government's concession that under *Johnson v. United States*, 135 S. Ct 2551 (2015), the defendant's Nebraska escape conviction was not a crime of violence under the residual clause of the version of U.S.S.G. § 4B1.2 in effect at the time, we determined that the career-offender finding was not a proper basis for increasing the sentence. 821 F.3d at 988–989.

However, likely anticipating the possibility of such a ruling, the district court had described the sentence as, alternatively, an upward variance justified by Martinez's history of violent behavior. *Id.* at 989. The court noted that the defendant had a prior conviction for unlawful discharge of a firearm (a conviction for which Martinez had already been assessed three criminal history points), his conviction for escape, and evidence that he was gang-affiliated. *Id.*

We held that the alternative sentence was substantively unreasonable and reversed and remanded for resentencing. *Id.* The court's alternative ruling had the effect of treating a defendant who received criminal history points for offenses that were not crimes of violence as "a career offender even if he was not 'technically' a career offender." *Id.* Notably, we also considered whether the conduct that the district court identified supported its conclusion and determined that it did not. *Id.* at 989–90.

We stated that "[w]hile a district court may consider factors already taken into account in the guideline range, 'substantial variances based upon factors already taken into account in a defendant's guidelines sentencing range seriously undermine sentencing uniformity.'" *Id.* (quoting *United States v. Solis-Bermudez*, 501 F.3d 882, 885 (8th Cir. 2007)). Thorne attempts to use this language to show that the district court erred by considering his offense conduct. He asserts that the § 2K2.1(b)(6)(B) enhancement imposed by the court already accounted for his conduct. Thorne reads too much into *Martinez*. That case does not prohibit courts from determining that the weight the Guidelines assigned to a particular factor was insufficient, but rather counsels courts to take care in doing so. Indeed, we have stated repeatedly that "factors that have already been taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance." *United States v. David*, 682 F.3d 1074, 1077 (8th Cir. 2012) (citing *United States v. Chase*, 560 F.3d 828, 831 (8th Cir. 2009)).

Here, Thorne obtained a gun and told multiple people that he would kill his son and his son's girlfriend. Illegally acquiring a firearm to commit a double homicide merits the court's consideration in establishing an appropriate sentence. *See United States v. Gonzalez*, 573 F.3d 600, 608 (8th Cir. 2009) (affirming where district court denied downward variance based in part on defendant drug conspirator's threat to stab a confidential informant during a controlled buy). Additionally, unlike the sentence in *Martinez*, this sentence is supported by factors not accounted for, either in full or in part, by the Guidelines.

Thorne's extensive adult criminal record began with a burglary conviction at age 17 and continued throughout his adulthood, including many convictions too old to be assigned criminal history points. The court's consideration of Thorne's criminal history and likelihood to recidivate was not error. *See United States v. Barrett*, 552 F.3d 724, 726 (8th Cir. 2009) ("Section 3553(a) allows courts to vary upward based on an underrepresented criminal history or recidivism." (citing 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), & (a)(2)(C); *United States v. Fogg*, 409 F.3d 1022, 1026 (8th Cir. 2005))). The court was also justified in relying on the possible danger Thorne poses to public safety. *See* 18 U.S.C. § 3553(a)(2)(C); *United States v. Petersen*, 848 F.3d 1153, 1157 (8th Cir. 2017) (holding sentence in revocation proceeding was substantively reasonable where district court determined that supervisee who asked his daughter to assault someone "pose[d] a risk to the public safety"). *Martinez* does not support Thorne's argument.

*McMannus* is also unavailing. In that case, we remanded for resentencing where the district court granted a substantial downward variance to a defendant, Sheri Brinton, based primarily on her light criminal history, a fact already captured by her Guidelines range. 436 F.3d at 875. We also held that the substantial downward variance her codefendant, Patrick James McMannus, received was not supported by the record. *Id.* However, this holding was based on pre-*Gall* authority that required an "extraordinary" variance to be supported by "extraordinary circumstances." *Id.* at

874 (quoting *United States v. Dalton*, 404 F.3d 1029, 1033 (8th Cir. 2005)). Post-*Gall*, that rule no longer obtains. *United States v. McGhee*, 512 F.3d 1050, 1052 (8th Cir. 2008) (per curiam) ("[W]e understand the Court's opinion in *Gall* also to preclude a requirement of 'extraordinary circumstances' to justify an 'extraordinary variance' . . . ."); *see United States v. McMannus*, 262 F. App'x 732, 733 (8th Cir. 2008) (per curiam) (affirming sentence imposed upon Patrick James McMannus on remand, which was identical to original sentence, based on *Gall*'s deferential standard). Therefore, *McMannus* provides no grounds for reversal.

Finally, we address Thorne's argument that his sentence was substantively unreasonable because even if he had been placed in the highest criminal history category, the resulting Guidelines range would have been lower than the 120 months he received. *See* U.S.S.G. Ch. 5, Pt. A (sentencing table). According to Thorne, this demonstrates that his criminal history did not support such a substantial upward variance. However, as discussed, the court relied on several other sentencing factors in fashioning Thorne's sentence.

The district court had "considerable discretion" in weighing the sentencing factors. *United States v. Ruelas-Mendez*, 556 F.3d 655, 658 (8th Cir. 2009). The court's decision to weigh them in favor of a lengthy sentence, given the facts of this case, is a "permissible exercise" of that discretion. *Id.* Accordingly, we conclude that Thorne's sentence was substantively reasonable.

### III. *Conclusion*

We affirm the judgment of the district court.[3]

———————————————

———————————————

[3]Because remand is not appropriate in this case, we do not address Thorne's argument that the district court demonstrated bias against him and that his case should therefore be assigned to a different judge.