# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-3539

_____

United States of America

*Plaintiff - Appellee*

v.

Everett Powell Mack, III

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: December 10, 2018
Filed: March 21, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.

_____

PER CURIAM.

Everett Mack challenges the 120-month sentence he received after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C.

§ 922(g)(1). He specifically challenges the district court's[1] decision to vary upward to 120 months' imprisonment from the recommended Guidelines' range of 30 to 37 months. Mack argues the district court committed both procedural and substantive error in imposing his above-Guidelines sentence. We disagree and affirm the judgment.

I. *Background*

On January 4, 2017, officers attempted to conduct a traffic stop on a vehicle Mack was driving. At the time, Mack was a convicted felon and was on probation for Arkansas first-degree criminal mischief. Mack did not stop when flagged by police but kept driving until he reached his grandmother's backyard. Mack then got out of the car, tossed a gun he had with him, and jumped over a fence—dropping bullets as he jumped. Officers followed Mack by car and on foot, but he eluded capture. Officers did, however, recover a loaded 9mm pistol, a magazine, and some loose bullets by the fence.

Several of the officers involved in the chase knew Mack and identified him both as the driver of the car that would not stop and as the person who then fled on foot. The car's passenger likewise identified Mack as the driver. While police were still at the scene, Mack's father confirmed that he had rented the car in question and that Mack had been driving it.

Mack was charged with being a felon in possession of a firearm and pleaded guilty pursuant to a written plea agreement. Prior to sentencing, the probation office provided the district court with a presentence investigation report (PSR) detailing Mack's offense conduct, criminal history, and other characteristics. At sentencing, the court calculated a total offense level of 17 and a criminal history category of III,

---

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

resulting in a Guidelines range of 30 to 37 months' imprisonment. The government then argued for an upward variance to the statutory maximum of 120 months, and the district court granted the variance.

## II. *Discussion*

On appeal, Mack challenges the district court's decision to vary upward to 120 months from the Guidelines range of 30 to 37 months. Mack argues the district court committed both procedural and substantive error in imposing his above-Guidelines sentence.

### A. *Procedural Error*

We generally review sentences under an abuse-of-discretion standard. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). When a defendant fails to object to procedural error at the district court, however, the error is forfeited and only reviewed for plain error. *United States v. Miller*, 557 F.3d 910, 916 (8th Cir. 2009). "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." *United States v. Black*, 670 F.3d 877, 881 (8th Cir. 2012) (citation omitted). Because Mack did not allege procedural error below, we review the district court's decision for plain error.

"Procedural error includes failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Feemster*, 572 F.3d at 461 (cleaned up). However, "we do not require a district court to provide a mechanical recitation of the § 3553(a) factors when determining a sentence. Rather, it simply must be clear from the record that the district court actually considered the § 3553(a) factors in determining the sentence." *Id.* (cleaned up). In conducting the § 3553(a) analysis, "[a] sentencing court has a wide discretion and may consider any relevant information that may assist

the court in determining a fair and just sentence." *United States v. Gant*, 663 F.3d 1023, 1029 (8th Cir. 2011). This includes information already accounted for by the Guidelines. *United States v. Thorne*, 896 F.3d 861, 865 (8th Cir. 2018) (per curiam).

Mack argues the district court erred in failing to consider certain § 3553(a) factors. Specifically, Mack argues the court failed to consider the nature and circumstances of the instant offense and the need for the sentence imposed to provide just punishment. Mack also argues the district court did not adequately explain its sentencing decision. These arguments fail.

"[A]ll that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors." *United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008).Though the district court did not discuss the nature and circumstances of the instant offense in detail, the court was clearly aware of, and informed by, the offense conduct. At sentencing, the court heard the government's description of Mack's conduct, including how he fled from police, tossed his gun, dropped his bullets, and jumped over a fence. At sentencing, the court specifically referred to "the fact that after being determined to be a felon, [Mack] is still riding around on at least two occasions with guns in the car"—the very conduct at issue here. Sentencing Tr. at 11, *United States v. Mack*, No. 4:17-cr-00029-1-BSM (E.D. Ark. Nov. 13, 2017), ECF No. 33.

The district court also thoroughly discussed Mack's extensive criminal history and explained its rationale for imposing the statutory maximum. The court compared Mack's criminal history and conduct to another felon-in-possession case recently before the court as a means of explaining Mack's sentence.

Though the district court could have discussed the offense-specific conduct in greater detail, its failure to do so was not erroneous. Consequently, it cannot constitute plain error. Neither can we say the district court plainly erred in its

consideration of any of the other § 3553(a) factors. Therefore, the district court did not commit procedural error.

## B. *Substantive Unreasonableness*

In the absence of procedural error, we consider substantive reasonableness. We look to whether the district court abused its discretion by failing to consider a relevant factor, giving significant weight to an irrelevant or improper factor, or committing a clear error of judgment. *Feemster*, 572 F.3d at 461.

> In conducting this review, we are to take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. . . . But we are not permitted to apply a presumption of unreasonableness if the sentence is outside the Guidelines range. . . . and are prohibited from the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence.

*Id.* at 461–62 (cleaned up). Thus, we have repeatedly upheld substantially above-Guidelines sentences where the totality of the circumstances have justified such an increase. *See, e.g.*, *United States v. Thorne*, 896 F.3d 861 (8th Cir. 2018) (per curiam) (affirming a 120-month sentence for a felon in possession with a Guidelines range of 30–37 months); *Ferguson v. United States*, 623 F.3d 627 (8th Cir. 2010) (affirming increase from 6–12 months to 60 months); *United States v. Dehghani*, 550 F.3d 716 (8th Cir. 2008) (affirming increase from 262–327 months to 432 months); *United States v. Ruvalcava-Perez*, 561 F.3d 883 (8th Cir. 2009) (affirming increase from 110–137 months to 210 months).

Mack argues his sentence is substantively unreasonable because "[t]he § 3553(a) factors do not support the substantial upward variance imposed by the district court." Appellant's Br. at 14. Mack also claims the court overemphasized and

misrepresented his criminal history and gave insufficient weight to other § 3553(a) factors.

The district court addressed the need to deter crime, protect the public, provide just punishment, and promote respect for the law in fashioning Mack's sentence. The district court did rely heavily on Mack's criminal history to support its variance, but a sentencing court's weighing of the factors is accorded deferential review. While Mack characterizes his prior offenses as largely "nonviolent, low-level offenses," *id.*, the district court considered Mack "a very dangerous person." Sentencing Tr. at 10. Indeed, even excluding Mack's pending charges, Mack has a lengthy criminal history for a 23 year old: eight *adult* criminal convictions and seven charges either nolle prossed or dismissed. Of the nolle prossed charges, Mack's PSR indicated two aggravated assaults and one battery in just two years. And of the eight convictions, four included illegal weapon charges. The court also heard evidence that Mack was involved in an incident where shots were either intentionally or recklessly fired towards another person.

Mack contends his sentence is unreasonable because it is substantially above the Guidelines range. But viewing the record as a whole, we conclude the district court did not abuse its discretion in fashioning its sentence. Mack relies on *United States v. Martinez*, 821 F.3d 984 (8th Cir. 2016), to support his claim that his sentence is substantively unreasonable. However, Mack's reliance on *Martinez* is misplaced. In *Martinez*, we vacated a sentence of 262 months' imprisonment after calculating a Guidelines range of 121 to 151 months. *Id.* We found Martinez's criminal history did not warrant so severe a variance. *Id.* at 989 ("[T]he district court sentenced Martinez to an additional nine years because, as a nineteen-year-old, Martinez threw an elbow at a police officer without striking the officer and ran from police for a short distance. This severe variance is unreasonable." (footnote omitted)). In contrast to Martinez, Mack has an extensive (and frequently violent) criminal history, and he has routinely violated the law and endangered the public.

"The district court had considerable discretion in weighing the sentencing factors. The court's decision to weigh them in favor of a lengthy sentence, given the facts of this case, is a permissible exercise of that discretion. Accordingly, we conclude that [Mack's] sentence was substantively reasonable." *Thorne*, 896 F.3d at 866 (cleaned up).

### III. *Conclusion*

We affirm the judgment of the district court.

_____