# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2189

No. 18-2195

_____

United States of America

*Plaintiff - Appellee*

v.

Scott Edison Benson

*Defendant - Appellant*

_____

Appeals from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: May 17, 2019
Filed: July 3, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and KOBES, Circuit Judges.

_____

PER CURIAM.

Scott Edison Benson pleaded guilty to being an accessory after the fact to a homicide in violation of 18 U.S.C. § 3, and, in a separate case, to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and

841(b)(1)(B). The district court[1] held two sentencing hearings on the same day, imposing a 120-month sentence on the accessory conviction and a consecutive 100-month sentence on the conspiracy conviction. Benson contests the substantive reasonableness of the sentences. We affirm.

Benson drove Clarence Yellow Hawk and Jamie Shoulders to meet Chris Janis for a drug purchase on the afternoon of May 27, 2017. Unbeknownst to Benson, his companions had brought his handgun to the meeting. Upon arriving at Janis's vehicle, Benson entered the back seat and began negotiating the drug purchase. Shoulders and Yellow Hawk thereafter appeared outside the vehicle's driver's side window. Shoulders fired two shots at Janis with Benson's gun, whereupon Yellow Hawk took the handgun from Shoulders and fired several additional shots at Janis. Janis died from the gunshot wounds. Benson thereafter drove Shoulders and Yellow Hawk away from the scene, dropped them off, and at no time contacted the police. At Benson's sentencing hearing on the accessory conviction, the district court determined that his advisory U.S. Sentencing Guidelines (Guidelines) range was 78 to 97 months' imprisonment. The court varied upward and imposed a 120-month sentence followed by three years of supervised release.

Benson had been involved with a conspiracy to distribute methamphetamine between January 2016 and May 2017. At the sentencing hearing on the conspiracy conviction, the district court determined that his Guidelines range was 100 to 125 months' imprisonment. This calculation included a two-level enhancement for obstruction of justice based on Benson's reckless conduct in leading law enforcement officers on two high-speed chases. In the first, Benson drove 55 miles per hour through residential areas and past pedestrians, reaching speeds in excess of 100 miles per hour before the law enforcement officer abandoned the chase. In the second, after

---

[1]The Honorable Jeffrey L. Viken, Chief Judge, United States District Court for the District of South Dakota.

selling methamphetamine out of his vehicle in a residential area, Benson evaded officers by driving up a homeowner's driveway and through the backyard. He tore through the homeowner's fence and down a gravel road, dragging a jumble of wire and fenceposts, and abandoned his vehicle roughly four miles into the chase. The district court thereafter imposed a 100-month sentence to be served consecutively to his 120-month sentence, despite the government's recommendation under Benson's plea agreement that he serve his sentences concurrently.

We consider the substantive reasonableness of Benson's sentences for an abuse of discretion, accounting for the totality of the circumstances and the extent of any variance from the Guidelines advisory range. See United States v. Thorne, 896 F.3d 861, 864 (8th Cir. 2018) (per curiam). A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). We review the decision to impose a consecutive sentence for reasonableness, which is akin to our abuse-of-discretion standard. See United States v. Baskin, 878 F.3d 1106, 1108 (8th Cir. 2018).

We begin with Benson's 120-month sentence for being an accessory after the fact to a homicide. He contends that the court erred in three ways: by failing to consider his unanticipated and small role in the murder; by improperly considering and thus effectively double-counting his role in the drug distribution conspiracy; and by improperly considering the extreme psychological harm to Janis's family, which he contends the murder, and not his conduct, caused. We conclude that the district court did not abuse its discretion in varying upward to impose the sentence that it did. The court's lengthy explanation addressed several sentencing factors under 18 U.S.C. § 3553(a). Contrary to Benson's argument, the court specifically considered that Benson was unaware of his companions' murderous intent, that he had accepted

responsibility for his role in the homicide, and that he suffers post-traumatic stress from witnessing it. Benson's double-counting concern is also unfounded. The court explained that it would separately consider his role in the drug conspiracy in the subsequent sentencing for that crime and gave ample justification for the sentence, citing the seriousness of possessing an illegal firearm (as Benson's was), Benson's prior drug use, his role in helping the perpetrators escape, his failure to report the crime, and the need to send a message to the larger community regarding the seriousness of the crime. Further, the victim impact statements and the "unspeakable grief" caused by Janis's murder were part of the nature and circumstances of the offense and thus were appropriate considerations for the court. See 18 U.S.C. § 3553(a).

Benson next argues that the court erred in imposing a consecutive sentence for conspiring to distribute methamphetamine. We conclude that the district court's decision was not unreasonable. The court did not, as Benson contends, merely recite and fail to apply the § 3553(a) factors. It applied several factors, noting specifically the perils involved in his flight from law enforcement, the danger and destructiveness of methamphetamine in his community, and the seriousness of his role in the drug conspiracy. We also reject Benson's argument that the court gave improper weight to his repeated reckless flight from law enforcement, for which he contends the Guidelines enhancement for obstruction of justice had already accounted. Our case law "does not prohibit courts from determining that the weight the Guidelines assigned to a particular factor was insufficient, but rather counsels courts to take care in doing so." See Thorne, 896 F.3d at 865. The court took appropriate care here, explaining that Benson put many lives at risk while fleeing the police and using those circumstances as one of several factors justifying the consecutive sentences. Because Benson's "sentence is supported by factors not accounted for, either in full or in part, by the Guidelines," id., and because the court sufficiently explained why the obstruction of justice enhancement was inadequate, no improper weighing occurred. Finally, we disagree with Benson's claim that the court committed a clear error of

judgment by imposing consecutive sentences for convictions involving similar conduct. It explained that Benson's participation in the distribution conspiracy lasted for more than a year and involved conduct unrelated to the murder of Janis. The court's determination that Benson's convictions resulted from separate conduct and merited separate terms of imprisonment was not unreasonable.

The sentences are affirmed.

_____