# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2313

_____

United States of America

*Plaintiff - Appellee*

v.

Chauncey Regot

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 15, 2019
Filed: July 16, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, ARNOLD and KELLY, Circuit Judges.

_____

PER CURIAM.

In the fall of 2013, Chauncey Regot was serving a sentence of 57 months' imprisonment and 3 years' supervised release for being a felon in possession of a firearm. About three and a half years into his sentence, Regot was transferred from a federal prison in Florida to a residential reentry center in Missouri to complete the remainder of his sentence. Regot violated the rules of the reentry center by testing positive for alcohol and opiates and was thus transferred to a county jail about a

month after arriving at the center. In June 2017, Regot was transferred back to the reentry center and was scheduled for release that fall.

By August, Regot had again violated the reentry center's rules by being in possession of drugs, and officers from the sheriff's department were scheduled to transfer Regot back to a county jail on August 17. However, as the officers arrived, Regot escaped from the reentry center through an emergency exit door. Regot's whereabouts remained unknown until U.S. Marshals arrested him in Georgia that November. Regot then pleaded guilty to one count of escape from custody, in violation of 18 U.S.C. § 751(a).

Regot's presentence report (PSR) calculated an offense level of seven and a criminal history category of V, resulting in a Guidelines range of 12–18 months' imprisonment. The district court[1] adopted the PSR at sentencing but described the Guidelines as "woefully understated," pointing to Regot's decades-long history of criminality. Sentencing Tr. at 8, *United States v. Regot*, No. 4:17-cr-00476-SNLJ (E.D. Mo. June 18, 2018), ECF No. 47. Regot's record included multiple driving violations as well as possession of stolen property, unlawful use of a weapon, burglary, resisting arrest, assault, possession of drug paraphernalia, and leaving the scene of an accident; it also indicated that he had incurred over 40 conduct violations while incarcerated in Missouri. While the court noted that Regot was "bound to do a lot better," *id.* at 4, now that he had gotten sober, it nevertheless considered Regot "a danger to society" based on his history. *Id.* at 9. The district court stated it had considered the 18 U.S.C. § 3553(a) sentencing factors and imposed a sentence of 36 months' imprisonment. After the court announced its sentence, Regot's counsel objected, reminding the court of Regot's difficult upbringing as a mitigating circumstance. The court acknowledged this argument but explained that Regot's

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

personal background did not justify a lower sentence for the instant offense. The court then spoke to Regot directly, expressing concern at his having escaped from the reentry center and questioning the sincerity of his stated desire to "g[et] on the right track" based on that escape. *Id.* at 13.

Regot appeals his sentence, arguing it is substantively unreasonable. He contends that 36 months' imprisonment would be more appropriate for an escape from a prison rather than his walk away from a reentry facility.

In reviewing a sentence for substantive reasonableness, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). However,

> we are not permitted to apply a presumption of unreasonableness if the sentence is outside the Guidelines range. Instead, we may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. . . . Just because we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.

*Id.* at 461–62 (cleaned up). A district court may consider factors already taken into account by the Guidelines in justifying an above-Guidelines sentence, as long as it "take[s] care in doing so." *United States v. Thorne*, 896 F.3d 861, 865 (8th Cir. 2018) (per curiam).

Here, the record demonstrates that the district court carefully considered both the instant offense and Regot's history in fashioning its sentence. The district court discussed Regot's escape from the reentry center and how it reflected on Regot's alleged desire to get sober and turn his life around; his troubling relationship to drugs

and alcohol; and his numerous non-violent and violent crimes. While Regot may disagree with the weight the district court gave to history, such weighing was a "permissible exercise" of the court's discretion. *Id.* at 866 (internal quotation omitted). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *Feemster*, 572 F.3d at 464 (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)). Giving due deference to the district court's evaluation of the § 3553(a) factors as a whole, including Regot's criminal history and personal background, we conclude the 36-month sentence in this case is not substantively unreasonable.

The judgment of the district court is affirmed.

_____