[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-14665

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMES HIGGS, JR.,
a.k.a. Hammer,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00092-WFJ-AEP-1

_____

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Thomas Burns, appointed counsel for James Higgs, Jr., in this direct criminal appeal, has moved to withdraw from further representation of Mr. Higgs and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Our independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct.

The district court imposed a 33-month upward variance and sentenced Mr. Higgs to the statutory maximum of 120 months for his felon-in-possession conviction. The court stated that it was varying upwards "for public safety" and explained that (1) Mr. Higgs had been incarcerated for 12 of the last 19 years and (2) he had shot two people, including an innocent bystander. The court did not, however, mention or discuss any of the other 18 U.S.C. § 3553(a) factors.

On this record, the district court's reasons for the upward variance, though brief, were sufficient. So there was no procedural error. *See Rita v. United States*, 551 U.S. 338, 356-58 (2007). And under the applicable abuse of discretion standard the 120-month sentence was also substantively reasonable. *See, e.g., United States v. Thorne*, 896 F.3d 861, 863-66 (8th Cir. 2018) (affirming 83-month upward variance, to sentence of 120 months, for felon-in-possession defendant who threatened to kill others and had a significant

20-14665                Opinion of the Court                3

criminal history).  As noted, this was not a run-of-the-mill felon-in-possession case.  Mr. Higgs discharged a firearm and shot two people.  And he had previously been convicted of being an accessory after the fact to a murder (for which he received a 15-year sentence) and of assault and battery on a fellow inmate (with injuries requiring surgery).  A district court generally gets to decide what weight to give the various § 3553(a) factors and can choose to give great weight to one factor over the others, *see United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015), and given Mr. Higgs' background and conduct the district court here was within its discretion in placing great weight on public safety.

Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is **GRANTED**, and Higgs's conviction and sentence are **AFFIRMED**.