# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1004

_____

United States of America

*Plaintiff - Appellee*

v.

Fernando Martinez, also known as Silent

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: June 12, 2015
Filed: May 3, 3016

_____

Before LOKEN, BYE, and KELLY, Circuit Judges.

_____

BYE, Circuit Judge.

Fernando Martinez pled guilty to possession of fifty grams or more of methamphetamine with the intent to distribute. The district court found Martinez to be a career offender based in part on the residual clause of § 4B1.2(a)(2) of the United States Sentencing Guidelines (U.S.S.G.) and sentenced him to 262 months' imprisonment. It indicated, alternatively, it would sentence Martinez as a career

offender even if he was not a career offender. Martinez appeals, arguing he is not a career offender and his sentence is substantively unreasonable.

The government concedes Martinez is no longer a career offender under the guidelines following the United States Supreme Court's decision in Johnson v. United States, __ U.S. __, 135 S. Ct. 2551, 2557 (2015), but asserts no remand is necessary because the district court imposed a reasonable alternative sentence that renders any error harmless. Because we conclude otherwise – that the district court's alternative sentence is substantively unreasonable – we reverse and remand for resentencing.[1]

I

Martinez is a twenty-seven-year-old father of three who pled guilty in August 2014 to possession of fifty grams or more of methamphetamine with the intent to distribute. Prior to sentencing, a probation officer prepared a presentence investigation report (PSIR), which recommended the district court find Martinez to be a career offender under U.S.S.G. § 4B1.2 – a finding that would increase his guideline sentencing range by nine years – because he committed two crimes as a teenager that qualify as "crimes of violence."

When Martinez was eighteen, he shot a rifle at two individuals standing outside a residence as part of a gang-related drive-by shooting. Several individuals, including two young children, were at the residence at the time of the shooting, but no one was injured. Martinez was arrested and charged with unlawful discharge of a firearm, a

---

[1]We have recently held that reliance on the residual clause of U.S.S.G. § 4B1.2(a)(2) is not correctable on plain error review. See United States v. Ellis, __ F.3d __, 2016 WL 859936, at *3 (8th Cir. Mar. 7, 2016). Because we conclude below that Martinez preserved his challenge to the residual clause of the guidelines, Ellis does not apply.

violation of Nebraska law. Martinez posted bond and was released from custody while his case was pending.

A few months later, Martinez failed to appear for his pretrial conference and the court issued a bench warrant for his arrest. Later that day, officers spotted Martinez walking with another individual. The officers approached Martinez and one held him by the wrists and grabbed his handcuffs to place him under arrest. Before the officer handcuffed him, Martinez twisted, threw his elbow toward the officer (without making contact), and ran from the officers for a short distance until he was tackled and arrested. For this conduct, Martinez was charged with escape while under arrest on a felony charge, also a violation of Nebraska law. He pled no contest to the charge.

In early 2008, Martinez was sentenced to six- to eight-years' custody for his unlawful discharge of a firearm conviction, and two- to three-years' custody for his escape conviction. He was paroled on both charges in November 2010. From the date of his release until his arrest in March 2014 in this case, his only scoreable offense was a 2013 conviction for unauthorized use of a propelled vehicle, for which he paid a $200 fine.

Martinez objected to the PSIR's career offender recommendation on the ground that his conviction for escape while under arrest on a felony charge was not a crime of violence. Prior to his sentencing hearing, Martinez filed a brief arguing his escape conviction was not a crime of violence because it did not "involve[] conduct that presents a serious potential risk of physical injury to another," as required under the residual clause of U.S.S.G. § 4B1.2(a)(2). Martinez also filed a motion for a downward variance if the district court found him to be a career offender.

At Martinez's sentencing hearing on December 18, 2014, the district court found Martinez had a base offense level of 32. After reviewing the charging

documents and the change of plea transcript from Martinez's Nebraska escape conviction, and hearing testimony from Investigator Chris Anderson regarding the general circumstances that arise when making a felony arrest, the district court found the escape conviction was a crime of violence under the residual clause of U.S.S.G. § 4B1.2(a)(2). It therefore found Martinez to be a career offender, which enhanced his offense level to 37. The district court applied a three-level downward adjustment for acceptance of responsibility, which yielded a total offense level of 34. Martinez had a criminal history score of 9 points, but his career offender designation placed him in criminal history category VI, yielding a guideline range of 262 to 327 months.

The district court alternatively found that even if Martinez was not "technically" a career offender under the guidelines, it would still consider him as such. It noted the "especially violent nature" of Martinez's behavior, pointing to his prior convictions for unlawful discharge of a firearm and escape while under arrest on a felony charge, along with evidence the government presented at sentencing that Martinez had ties to local gangs. The district court therefore indicated that even if its career offender ruling was erroneous, it would still vary upward to a guideline range of 262 to 327 months. The district court sentenced Martinez to 262 months' imprisonment.

Martinez timely appealed, arguing the district court erred by finding his conviction for escape was a crime of violence and his sentence was substantively unreasonable. After briefing was complete, the Supreme Court held in Johnson v. United States that the statutory residual clause of the Armed Career Criminal Act – which contains language identical to the residual clause of U.S.S.G. § 4B1.2(a)(2) – is unconstitutionally vague. 135 S. Ct. at 2557. The parties subsequently filed supplemental briefs addressing the impact of Johnson on this case.

## II

The government concedes Martinez's conviction for escape is not a crime of violence post-Johnson, but it argues the district court's (understandable) guidelines error did not affect the outcome of sentencing because the district court would have sentenced Martinez to 262 months' imprisonment even if he is not a career offender under the guidelines. We assume without deciding that Johnson applies to the residual clause of the guidelines. See United States v. Taylor, 803 F.3d 931 (8th Cir. 2015); see also United States v. Benedict, __ F.3d __, 2016 WL 805694, at *7 (8th Cir. Mar. 2, 2016) (assuming without deciding that Johnson applies to the residual clause in the sentencing guidelines).

We must first determine whether Martinez properly preserved a Johnson-type vagueness challenge to the guidelines. To preserve a claim of error, the defendant must "inform[] the court—when the court ruling or order is made or sought—of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection." Fed. R. Crim. P. 51(b). If the defendant preserves the claim of error, we review for harmless error. Fed. R. Crim. P. 52(a). Otherwise, our review is for plain error. Fed. R. Crim. P. 52(b).

We find Martinez preserved his vagueness challenge to the residual clause of the guidelines because he timely raised this objection before his sentencing hearing. Prior to sentencing, Martinez filed a brief objecting to the PSIR and explaining why his escape conviction did not qualify as a crime of violence. The government filed a response. In his reply, Martinez argued that treating his conviction for escape as a crime of violence under the residual clause of the guidelines could raise constitutional vagueness issues, and at sentencing the district court described Martinez's reply as "extremely well-written" and noted it was "very familiar with the issues." Therefore, Martinez timely and specifically raised his constitutional vagueness objection to the district court, and he preserved his vagueness objection for appeal. See United States

-5-

v. Pirani, 406 F.3d 543, 549–50 (8th Cir.) (en banc) (holding defendant may preserve Booker challenge by arguing guidelines were unconstitutional) (citing United States v. Antonakopoulos, 399 F.3d 68, 76 (1st Cir. 2005)).

Because Martinez preserved his guidelines challenge, we review the district court's career offender finding for harmless error. "Incorrect application of the Guidelines is harmless error where the district court specifies the resolution of a particular issue did not affect the ultimate determination of a sentence," United States v. Thibeaux, 784 F.3d 1221, 1227 (8th Cir. 2015) (quoting United States v. Straw, 616 F.3d 737, 742 (8th Cir. 2010)), such as when the district court indicates it would have alternatively imposed the same sentence even if a lower guideline range applied. United States v. Sayles, 674 F.3d 1069, 1072 (8th Cir. 2012). An alternative sentence must be substantively reasonable and it must set forth an alternative "supported by the law and the record in the case." Id. The district court may vary upward from the guideline range if the extent of the deviation is supported by the 18 U.S.C. § 3553(a) factors. United States v. Hummingbird, 743 F.3d 636, 638 (8th Cir. 2014). The district court must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting Gall v. United States, 552 U.S. 38, 50 (2007)).

The government argues the district court's guideline error was harmless because the district court would have varied upward to a guideline range of 262 to 327 months' imprisonment even if Martinez's conviction for escape did not make him a career offender. We disagree that this error was harmless, however, because the district court's alternative sentence was unsupported by the law. Assuming Martinez was not a career offender, his guideline range would have been 121 to 151 months' imprisonment. The district court, however, noted the "especially violent nature of the defendant's behavior reflected throughout the presentence report," and it pointed to two specific factors: (1) Martinez's prior convictions for unlawful discharge of a

firearm and escape while under arrest on a felony charge, and (2) evidence the government presented at sentencing that Martinez had ties to local gangs. Therefore, for its alternative sentence the district court varied upward to a guideline range of 262 to 327 months' imprisonment because it found Martinez should still be considered a career offender even if he was not "technically" a career offender.

We infer from this statement that the district court believed the escape conviction was a crime of violence – and Martinez was a career offender – whether the guidelines classified it as a crime of violence or not. In other words, the district court sentenced Martinez to an additional nine years[2] because, as a nineteen-year-old, Martinez threw an elbow at a police officer without striking the officer and ran from police for a short distance. This severe variance is unreasonable.

The district court's other justifications do not support the degree of the upward variance either. First, Martinez's convictions do not warrant such a severe upward variance. Martinez's two convictions undoubtedly demonstrate serious, violent behavior, but the guideline range already accounted for these prior convictions, each of which received three criminal history points. While a district court may consider factors already taken into account in the guideline range, "substantial variances based upon factors already taken into account in a defendant's guidelines sentencing range seriously undermine sentencing uniformity." United States v. Solis–Bermudez, 501 F.3d 882, 885 (8th Cir. 2007) (internal quotation omitted). The violence Martinez displayed in these two crimes does not support an upward variance of more than

[2]We note, also, that the plea agreement required the government to recommend a sentence at the low end of the guideline range, which would have been 121 to 151 months' imprisonment if the district court had not found Martinez to be a career offender. Assuming the government complied with the plea agreement and recommended a sentence close to 121 months' imprisonment, the district court's upward variance would have been not only nine years above the top end of the guideline range but *eleven years* over the government's recommendation.

eleven years above the low end of the guideline range, particularly when the guidelines already accounted for this conduct.[3]

Second, the evidence the government presented relating to Martinez's gang ties does not justify a nine-year upward variance either. The government presented evidence Martinez appeared in music videos along with other members of the East Side Locos prior to his incarceration. He also appeared with other East Side Locos gang members in photographs. While these photos and videos show Martinez's gang ties, they do not depict Martinez actively engaging in any violent behavior. And, more importantly, they do not depict such egregious, violent behavior that they warrant the substantial upward variance the district court imposed.

While the district court does not need to categorically rehearse the § 3553(a) factors, "a major departure [from a guidelines sentence] should be supported by a more significant justification than a minor one." Gall, 552 U.S. at 50. In this case,

---

[3]The concurrence disputes the severity of Martinez's criminality following his release, noting Martinez's "offenses" of unauthorized use of a vehicle, possession of methamphetamine and marijuana, and driving under suspension, along with the fact that he owed $20,000 to his methamphetamine suppliers in Sinaloa, Mexico. Martinez's possession of methamphetamine, possession of a "small amount" of marijuana, and his drug debts are not separate "offenses," however. They are part of the offense for which he was convicted – possession of fifty grams or more of methamphetamine with the intent to distribute – and therefore the Guidelines account for this conduct in the base offense level.

This leaves only two offenses the concurrence highlights: Martinez's prior convictions for unauthorized use of a vehicle and driving under suspension. The district court did not discuss these convictions as a basis for its upward variance, and they do not change our analysis. Even coupled with Martinez's convictions for escape and unlawful discharge of a firearm, Martinez's convictions for unauthorized use of a vehicle and driving under suspension do not display such "extremely violent behavior" that they warrant a nine-year upward variance.

the district court gave undue weight to Martinez's violent past to justify its extreme deviation from the guideline range. The district court did not "explain [its] conclusion that . . . an unusually harsh sentence [was] appropriate . . . with sufficient justifications," and its alternative sentence is therefore unsupported by the law and the record in this case. Id. at 46. As such, any incorrect application of the career offender guideline to Martinez cannot be considered harmless error.

III

The judgment is vacated, and the case remanded for resentencing. 28 U.S.C. § 2106.

LOKEN, Circuit Judge, concurring.

Although I agree with Judge Colloton's dissent in United States v. Taylor, 803 F.3d 931, 933-34 (8th Cir. 2015), our panel is bound by the contrary decision of the panel majority in Taylor. Therefore, I concur in the decision to remand for resentencing, with the district court free to consider on remand "whether the residual clause of the career offender guideline is unconstitutional." Id. at 933.

I disagree with the court's conclusion that the district court's alternative 262-month sentence was "unsupported by the law." First, the court asserts that Martinez's criminal history following his release from prior felony drive-by-shooting and escape-from-arrest sentences does not support a severe upward variance. But the unlawful activities summarized in footnote 3 of the court's opinion were clearly relevant to the court's determination of the sentence to impose. See 18 U.S.C. § 3553(a)(1), (2). The court in footnote 3 discounts the relevance of his recent drug trafficking activities because "[t]hey are part of the offense for which he was convicted." But in determining whether to impose an upward variance, a district court "shall consider (1) the nature and circumstances of the offense . . . ." § 3553(a)(1).

Second, the court complains that Martinez's guidelines range already accounted for his prior convictions because each received three criminal history points. Again, this reasoning is contrary to well-established sentencing principles under the advisory guidelines. "[F]actors that have already been taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance." United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012).

Third, the court criticizes the district court "because it found Martinez should still be considered a career offender even if he was not 'technically' a career offender." Supra at 7. The criticism is unwarranted. Leaving aside whether the residual clause in U.S.S.G. § 4B1.2(a)(2) is void for vagueness, the government's concession on appeal that Martinez is no longer a career offender overlooks an issue the district court will be free to address on remand that may be highly relevant to whether and to what extent an upward variance is warranted. The state court Information charged Martinez with "Escape," a violation of Neb. Rev. Stat. "28-912 III FO," when he "unlawfully removed himself from official detention while under arrest or detained for a felony charge." At the hearing when Martinez pleaded no contest to this charge, the prosecutor described the offense as involving an escape from arresting officers that included some force and violence. Martinez agreed with this description. He also acknowledged that the State had agreed not to file additional charges of resisting arrest and obstructing a police officer, in exchange for Martinez pleading guilty both to the felony escape charge and to the felony drive-by shooting charge that led to the arrest from which he tried to escape.[4] The post-plea Commitment document recited that his offense was "escape when under arrest on felony chg" in violation of section "28-912(5)(A)."

---

[4]As the PSR described this offense, "Two individuals . . . were standing in the front yard of the residence when a van drove by and fired numerous shots at the house. Several individuals, including two young children, were inside the house at the time of the shooting, but no one was harmed."

-10-

The Nebraska escape statute, § 28-912, provides that "(5) Escape is a Class III felony where: (a) The detainee was under arrest for or detained on a felony charge . . . or (b) The actor employs force, threat, deadly weapon, or other dangerous instrumentality to effect the escape." To determine whether a prior offense was a crime of violence, we apply the modified categorical approach as construed in Descamps v. United States, 133 S. Ct. 2276 (2013). In United States v. Tucker, 740 F.3d 1177, 1181 (8th Cir. 2014) (en banc), we held that the subsections of § 28-912 are "divisible" offenses. Here, at Martinez's sentencing for this offense, the government did not argue that his prior escape offense was a crime of violence under U.S.S.G. § 4B1.2(a)(1) because it had "as an element the use, attempted use, or threatened use of physical force against the person of another." That issue was of no significance because the offense qualified under the residual clause of § 4B1.2(a)(2). But if the residual clause is now void for vagueness, the district court should be free to consider on remand whether Martinez's escape conduct violated § 28-912(5)(b), and well as (5)(a), and therefore was a crime of violence under U.S.S.G. § 4B1.2(a)(1). This may have been a basis for the court's alternative sentence.

Though I disagree with the court's reasoning, given the uncertainty that continues to surround these sentencing issues, and the severe impact of the career offender issue on Martinez's advisory guidelines range, I agree with the court that the government has failed to establish that the district court's alternative sentence renders any underlying career offender error harmless. Rather, I conclude that justice is best served by a remand for resentencing that of course will include whether to vary upward from the court's final guidelines range determination. Therefore, I concur.

_____

-11-