# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2422
_____

United States of America

*Plaintiff - Appellee*

v.

Tyrone Collins

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: September 25, 2018
Filed: November 2, 2018
[Unpublished]
_____

Before WOLLMAN, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

In 2014, Tyrone Collins sent a letter to a United States District Court judge, stating that he had instructed gang members to shoot her because she dismissed his civil lawsuit. He was charged with and subsequently pleaded guilty to threatening a

federal judge in violation of 18 U.S.C. § 115(a)(1)(B). Collins appeals the district court's[1] imposition of the statutory maximum term of 120 months' imprisonment.

We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" Id. (quoting United States v. Kane, 552 F.3d 748, 752 (8th Cir. 2009)).

At sentencing, the district court explained that it varied upward from the Guidelines range of 77 to 96 months' imprisonment because this was Collins's "fourth time to threaten a federal judge either in this district or the western district." Collins argues that his three prior convictions for threatening several other federal judges were already taken into account in the Guidelines range through his designation as a career offender, and therefore the district court abused its discretion by varying upward based on those same convictions.

As Collins points out, although "a district court may consider factors already taken into account in the guideline range, 'substantial variances based upon factors already taken into account in a defendant's guidelines sentencing range seriously undermine sentencing uniformity.'" United States v. Martinez, 821 F.3d 984, 989–90 (8th Cir. 2016) (quoting United States v. Solis-Bermudez, 501 F.3d 882, 885 (8th Cir. 2007)). But even assuming that the district court's 24-month upward variance was substantial, it was not based on a factor already taken into account in Collins's Guidelines sentencing range. The Guidelines range was determined by the mere fact

---

[1]The Honorable James M. Moody Jr., United States District Judge for the Eastern District of Arkansas.

of Collins's prior convictions; the district court explained that the upward variance, on the other hand, was based on the factual similarities between those prior convictions and Collins's current offense of conviction.

Because the district court did not abuse its discretion in sentencing Collins, we affirm.

_____