# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2572

_____

United States of America,

*Plaintiff - Appellee,*

v.

Michael Johnson,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 25, 2018
Filed: February 22, 2019

_____

Before COLLOTON, BEAM, and GRASZ, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Michael Johnson pleaded guilty in 2016 to possession with intent to distribute cocaine base. Police arrested Johnson after a traffic stop and found him in possession of two baggies that contained rocks of crack cocaine. A search of Johnson's pocket discovered 22.9 grams of cocaine base and $895 in cash.

At sentencing, the district court[1] calculated an advisory guideline range of 57 to 71 months' imprisonment, but concluded that several factors justified an upward variance from the advisory range and imposed a sentence of 204 months. In announcing the sentence, the district court explained that the advisory guidelines were "way insufficient in this case," because "[t]hey're not even close to addressing [Johnson's] criminal history, the nature of this crime, the need to protect the public," and "[t]he need for deterrence."

Johnson appeals first on procedural grounds. He argues that the district court committed procedural error by sentencing him according to a supposedly inflexible "stair-step" rule, under which "you don't get less time the more crimes you commit." Johnson perceives a "categorical rule" in which a federal sentence must always be longer than a previous term of incarceration, and complains that the district court focused on this rule to the exclusion of other factors under 18 U.S.C. § 3553(a).

The court's full comment was this: "You know, my position is you don't get less time the more crimes you commit for deterrence to take effect." The need for a sentence to afford adequate deterrence is a proper consideration under § 3553(a)(2)(B), and the district court's attention to the need for specific deterrence in this case was neither impermissible nor inflexible. *See United States v. Stone*, 873 F.3d 648, 649 (8th Cir. 2017) (per curiam). Johnson's contention that the district court ignored the other § 3553(a) factors is not supported by the record. The court discussed the guideline calculation, the serious nature of Johnson's offense, Johnson's criminal history and characteristics, the need to protect the public, and the need to accomplish specific deterrence, ultimately concluding that an upward variance to 204 months was appropriate. Johnson's real complaint seems to be that the court evaluated one or more factors differently than Johnson would have liked on

[1]The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

the facts of this case. We see no procedural error in the court's consideration of the § 3553(a) factors.

Johnson also contends that his sentence is substantively unreasonable. He asserts that a 204-month sentence is excessive in light of his advisory guideline range of 57 to 71 months. He complains that the district court placed undue weight on his criminal history, particularly a 1977 second-degree murder conviction that did not receive criminal history points under the guidelines. Johnson further contends that the district court failed to give enough weight to the non-violent nature of his offense and the relatively small amount of cocaine in his possession. We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We may consider the extent of any deviation from the guideline range, *id.* at 47, but *Gall* forbids requiring proportional justifications for variances from the range, and even extraordinary variances do not require extraordinary circumstances. *United States v. McGhee*, 512 F.3d 1050, 1052 (8th Cir. 2008) (per curiam).

We conclude that the district court did not abuse its discretion. The district court has "wide latitude" to weigh the § 3553(a) factors in each case and to assign some factors greater weight than others. *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009). For example, while Johnson views his offense of conviction as a non-violent crime involving a small amount of cocaine, the court permissibly considered it a "serious crime" because "[c]rack cocaine is a plague on the community."

The district court did focus on Johnson's second-degree murder conviction, calling it "the elephant in the room," and remarking that "this is the lowest guideline range I've seen on anybody with a murder conviction." But that was not the only consideration that supported the sentence imposed. The court also cited the serious nature of the underlying offense, Johnson's 107 conduct violations while in prison,

Johnson's many violations of release conditions during periods of correctional supervision, prior convictions for offenses similar to the instant drug trafficking offense, a prior domestic assault conviction, the need to protect the public, and the need to accomplish specific deterrence.

Johnson's criminal history was an appropriate factor to consider, *see* § 3553(a)(1), and the district court may consider prior convictions that received no criminal history points. *United States v. Abrica-Sanchez*, 808 F.3d 330, 335 (8th Cir. 2015). The murder conviction was old but very serious, and the court was permitted to disagree with the advisory guidelines when they gave zero weight to this serious aspect of Johnson's criminal history. It was also reasonable for the court to view Johnson's complete history as "a big problem." Johnson was convicted of murder in 1977 and eventually discharged from parole in October 1995, but he was promptly convicted of conspiracy to distribute cocaine base in November 1995. That offense was followed by a domestic assault in 2008, drug possession in 2009, parole violations in 2011 and 2013 for drug trafficking and possession of drug paraphernalia, respectively, another drug paraphernalia conviction in 2014, and the instant drug trafficking offense also in 2014.

Viewing the record as a whole, the district court faced a defendant who had committed a serious drug offense after a lengthy and sustained criminal history that included a murder, a pattern of drug-related offenses, and a history of incorrigibility while on supervision. Giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," *Gall*, 552 U.S. at 51, we conclude that there was no abuse of discretion in imposing a term of 204 months' imprisonment.

Johnson insists that *United States v. Martinez*, 821 F.3d 984 (8th Cir. 2016), dictates reversal, but the circumstances in that case are distinguishable. In one of this court's more aggressive applications of abuse-of-discretion review, a divided panel

held that a variance from an advisory range of 121-151 months to 262 months for a drug trafficking defendant was not permissible. In support of a variance, the sentencing court had cited the defendant's prior convictions for unlawful discharge of a firearm and escape while under arrest on a felony charge, and photos and videos showing his ties to gangs. This court reasoned that the guidelines already accounted for the prior convictions, and that the evidence of gang ties did not show any violent behavior, so the district court "gave undue weight to Martinez's violent past to justify its extreme deviation from the guideline range." *Id.* at 990. Here, of course, Johnson's violent past involved murder, not discharge of a firearm and escape, and the guidelines assessed no points for the murder conviction. The district court cited several other factors not present in *Martinez* that supported an upward variance. *Martinez* thus does not preclude the district court's exercise of judgment in the different circumstances presented here.

The judgment of the district court is affirmed.

GRASZ, Circuit Judge, concurring.

I concur in the opinion of the court as I conclude it is dictated by precedent. I write separately to express doubt about the soundness of its underpinnings. The facts of the present case make this discussion more than academic, and thus my reason for addressing the matter at this time.

After a traffic stop, Michael Johnson was found in possession of less than one thousand dollars' worth of cocaine — a serious offense to be sure, and treated as such under the Sentencing Guidelines. After he pled guilty, the Probation Office's presentence investigation report did not identify any justification for varying outside the sentence recommended by the Guidelines of 57–71 months of imprisonment, nor did the Government seek an above-Guidelines sentence. Yet the district court sentenced Johnson to 204 months (17 years) of imprisonment, nearly three times the

maximum sentence recommended by the Guidelines — and effectively a life sentence for Johnson, then age 61. Perhaps reflecting these facts, the Government's brief on appeal presents less than a whole-hearted defense of the sentence.

While I believe the sentence here was excessive, I cannot conclude it is reversible error under the standard of review mandated by Supreme Court precedent. This precedent makes the substantive reasonableness of a sentence nearly unassailable on appeal and renders the role of this court in that regard somewhat akin to a rubber stamp in all but the rarest cases. *See United States v. Feemster*, 572 F.3d 455, 468 (8th Cir. 2009) (en banc) (Colloton, J., concurring) ("There must be at least a 'shocks the conscience' sort of constraint on district judges."); *see also, e.g., United States v. Kane*, 639 F.3d 1121 (8th Cir. 2011) (finding one of those rare cases).

For the benefit of anyone wondering how we got here (and not for those, such as the court, who know the tale all too well), the story begins with the Sentencing Reform Act of 1984. In passing this law, "Congress' basic goal . . . was to move the sentencing system in the direction of increased uniformity." *United States v. Booker*, 543 U.S. 220, 253 (2005). To achieve this goal, Congress required sentencing courts to impose sentences in accordance with the Guidelines, subject to the possibility of departures in a limited set of circumstances. *See* 18 U.S.C. § 3553(b)(1); *Booker*, 543 U.S. at 233–34. It also required de novo review by appellate courts of "the district court's application of the [G]uidelines to the facts" for sentences outside the Guidelines. 18 U.S.C. § 3742(e).

In *Booker*, the Supreme Court held that fact finding by sentencing courts that would increase an individual's sentence under the mandatory Guidelines violated the Sixth Amendment right to a jury trial. 543 U.S. at 226–44 (opinion for the Court by Stevens, J.). But rather than requiring facts that would increase an individual's sentence be proved at trial, a different majority in *Booker* opted to cure the constitutional infirmity by rendering the Guidelines optional for sentencing courts

and by excising the statutory requirement of de novo review for non-Guidelines sentences.[2]  *Id.* at 244–68 (opinion for the Court by Breyer, J.).

Shortly thereafter, in *Gall v. United States*, the Supreme Court took up the issue of appellate review of sentences in a post-*Booker* world.  As Justice Alito noted in his dissent, *Booker* could be read so "that sentencing judges must still give the Guidelines' policy decisions some significant weight and that the courts of appeals must still police compliance" (what he called the "better reading" of *Booker*) or it could be read "to mean that district judges, after giving the Guidelines a polite nod, may then proceed essentially as if the Sentencing Reform Act had never been enacted."  *Gall v. United States*, 552 U.S. 38, 62 (2007) (Alito, J., dissenting).  The Supreme Court in *Gall* adopted the latter approach, rejecting this court's requirement that departures from the Guidelines should have a proportional justification.  *See id.* at 40–60.  In a companion case, the Supreme Court also held that appellate courts could not reverse sentences that departed from the Guidelines based on sentencing courts' policy disagreements with the Guidelines.  *See Kimbrough v. United States*, 552 U.S. 85, 101–05 (2007).

So, what is left for appellate courts to review in terms of substantive reasonableness in sentencing when they cannot meaningfully police compliance with the Guidelines?  Of course, sentences must still comply with the sentencing factors in 18 U.S.C. § 3553(a), but these "sentencing factors . . . are so broad that they

---

[2]It is worth noting that the only factual dispute here — whether the cash found on Johnson's person constituted drug proceeds — was decided in his favor.  Thus, there can be no Sixth Amendment violation here.  Yet we are still required to use *Booker*'s remedy of treating the Guidelines as merely advisory, even though Congress made them mandatory.  This case bears out the truth of Justice Thomas's assessment that "the remedial majority in *Booker* was mistaken to craft a remedy far broader than necessary to correct constitutional error."  *Kimbrough v. United States*, 552 U.S. 85, 114 (2007) (Thomas, J., dissenting).

impose few real restraints on sentencing judges." *Gall*, 552 U.S. at 63 (Alito, J., dissenting). Thus, appellate review of substantive reasonableness is usually an exercise in futility.

There is no doubt that maximizing sentencing court discretion has its benefits. *See, e.g., Kimbrough*, 552 U.S. at 101–05 (allowing sentencing courts to depart based on a disagreement with the Guidelines' unjustified disparity in treatment of powder and crack cocaine). But the downside, in other contexts, is the resulting disparities and inconsistencies in sentencing. In the Sentencing Reform Act, Congress sought to reduce sentencing disparities by placing some limitations on the discretion of sentencing courts by means of the mandatory Guidelines. However, "[i]t is unrealistic to think [the goal of reducing sentencing disparities] can be achieved over the long term if sentencing judges need only give lipservice to the Guidelines." *Gall*, 552 U.S. at 63 (Alito, J., dissenting). In reality, the result of *Gall* and *Kimbrough* is that "district judges have regained most of the unconstrained discretion that Congress eliminated in 1984." *Feemster*, 572 F.3d at 470 (Colloton, J., concurring).

In this case, the district court imposed a sentence nearly three times the Guidelines range. The sentence appeared to be generally driven by Johnson's criminal history and specifically driven by the fact that Johnson had committed a homicide 40 years prior, a fact the district court described at the sentencing hearing as "the elephant in the room." Because of the remoteness of this conviction, it received no criminal history points under the Guidelines — although even if it had counted, the Guidelines range would still be nowhere near the 204-month sentence imposed. The court considered Johnson's criminal history in the context of the need for deterrence. *See* 18 U.S.C. § 3553(a)(2)(B). At the core of the district court's decision to dramatically deviate from the Guidelines appears to be a policy disagreement with the Guidelines about the weight to afford prior convictions vis-a-vis the facts surrounding the current crime of conviction. The Guidelines accounted for Johnson's criminal history, but not to the district court's satisfaction. Despite the

extreme deviation, I cannot say the district court gave improper weight to this factor in light of the approach dictated by *Gall* and *Kimbrough*.[3]

The problem with this approach is that Johnson's sentence depended largely on the fortuity of having his case assigned to a judge who gave his criminal history far more weight than given under the Guidelines. This is the type of sentencing disparity Congress sought to reduce and avoid in the Sentencing Reform Act. However, because Supreme Court precedent requires us to affirm this approach, I concur dubitante.

——————————————

[3]Under *Kimbrough*, it is not reversible error for the district court to follow its own preferred sentencing policy based on policy considerations, including disagreements with the Guidelines. *See Kimbrough*, 552 U.S. at 101–05; *see also Spears v. United States*, 555 U.S. 261, 264 (2009). This raises the difficult but pressing question of whether this circuit's pre-*Gall* language describing abuse of discretion (in the context of the substantive reasonableness of sentences) as including "clear error of judgment" in weighing § 3553(a) factors is capable of being harmonized with *Kimbrough* and *Gall*. If variance from the Guidelines based on a policy disagreement about how to weigh the sentencing factors in § 3553(a) is not an abuse of discretion, on what basis can we conclude that a sentencing court committed a "clear error of judgment" in weighing these factors?