# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-3665

_____

United States of America

*Plaintiff - Appellee*

v.

Quentin L. Posey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 11, 2019
Filed: February 12, 2020
[Unpublished]

_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Following the entry of his guilty plea to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), the

district court[1] sentenced Quentin L. Posey to 192 months imprisonment. Posey appeals, arguing the district court imposed a substantively unreasonable sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

In October 2016, Kansas City, Missouri police officers stopped a vehicle in which Posey was a passenger. Upon exiting the vehicle, a firearm fell from Posey's pant leg. The officers also found 35 grams of marijuana, a digital scale, and several sandwich bags near Posey's seat. Posey was charged with being a felon in possession of a firearm and was released on bond. In December 2016, while out on bond, Posey was arrested as a suspect in a homicide investigation. At the time of this arrest, Posey was in possession of a firearm, 28 grams of marijuana, and a digital scale. On December 15, 2016, a superseding indictment charged Posey with two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In March 2018, Posey pled guilty to both counts.

The presentence report (PSR) calculated a base offense level of 14 and applied a four-level enhancement pursuant to USSG § 2K2.1(b)(6)(B) for possession of a firearm in connection with the felony offense of marijuana distribution. Because Posey committed additional offenses on pretrial release, the PSR did not recommend a reduction for acceptance of responsibility. The PSR calculated Posey's criminal history category as Category IV based on several prior convictions, including one for theft of public property. This conviction stemmed from Posey's involvement in a scheme, while serving in the United States Marine Corps, in which he diverted travel reimbursement payments into his own account. For this conviction, Posey was sentenced to 15 months imprisonment and 3 years of supervised release, which was

---

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

-2-

later revoked after several supervised release violations.  During the same year as his theft conviction, Posey was also convicted in North Carolina state court of being an accessory after the fact to both armed robbery and second degree kidnapping.  He received a 15 to 18 month sentence for these convictions.  In addition to these felony convictions, Posey has several misdemeanor convictions, including convictions for resisting a public officer, assault, and child abuse.  Based on Posey's offense level and criminal history score,  the PSR calculated his United States Sentencing Guidelines range as 41 to 51 months imprisonment for each count.  After adopting the Guidelines calculation, the district court varied upward and sentenced Posey to two consecutive terms of 96 months imprisonment for a total of 192 months.  This appeal of the 192-month sentence followed.

II.

Posey argues the district court imposed a substantively unreasonable sentence because the nature of the instant offenses did not warrant such a significant upward variance, the Guidelines range properly accounted for his criminal history, and there were serious mitigating factors.  "We review a sentence for substantive reasonableness by applying an abuse-of-discretion standard."  United States v. Moore, 565 F.3d 435, 437-38 (8th Cir. 2009).  "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors."  United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007). We presume a sentence is substantively reasonable if it is within the Guidelines range, but we do not presume a sentence is unreasonable if it is outside the Guidelines range.  Rita v. United States, 551 U.S. 338, 354-55 (2007).  "If [the district judge] decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."  Gall v. United States, 552 U.S. 38, 50 (2007).

While the district court imposed a significant upward variance from Posey's Guidelines range, its justifications for doing so were sufficiently compelling to support the variance. In light of Posey's criminal history, the district court cited the need to promote respect for the law, provide deterrence, and protect the public as justifications for the variance. Nevertheless, Posey asserts that the extent of the variance was not justified because the Guidelines range accounted for the vast majority of Posey's extensive criminal history. However, our case law "does not prohibit courts from determining that the weight the Guidelines assigned to a particular factor was insufficient, but rather counsels courts to take care in doing so." United States v. Thorne, 896 F.3d 861, 865 (8th Cir. 2018) (per curiam) (rejecting appellant's reliance on United States v. Martinez, 821 F.3d 984 (8th Cir. 2016), to argue that the court could not consider offense conduct, accounted for by the Guidelines, in varying upward). "Indeed, we have stated repeatedly that factors that have already been taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance." Id. (internal quotation marks omitted).

Here, in varying upward, the district court relied on factors not fully accounted for by the Guidelines. See id. (finding variance "[wa]s supported by factors not accounted for, either in full or in part, by the Guidelines"). In particular, the court considered the fact that Posey committed his second felon-in-possession offense while on pretrial release for the first felon-in-possession offense. The Guidelines partially accounted for this second offense because the PSR denied Posey an acceptance of responsibility reduction due to the fact he committed the second offense while on pretrial release. However, when combined with Posey's various supervised release violations and resisting a public officer convictions, the district court was justified in concluding that the denial of the reduction did not fully account for the seriousness of the second offense, which demonstrated a continued lack of respect for the law and public safety. Further, the district court considered the leniency that Posey had been afforded when sentenced for his prior felony convictions. For each conviction, Posey was sentenced to less than 2 years

-4-

imprisonment. Based on the length of these sentences and Posey's subsequent commission of new offenses, the district court was justified in concluding Posey had not been effectively deterred by his previous sentences.

Posey also argues that the district court failed to weigh properly the nature of the instant offenses and the mitigating factors. However, the sentencing transcript demonstrates that the district court considered the nature of the felon-in-possession offenses as well as Posey's background. Notwithstanding these factors, the district court found more significant Posey's criminal history, which includes the special circumstances noted above. "While the district court clearly 'assign[ed] . . . greater weight' to [Posey's criminal history] than it did to other factors, under § 3553(a), it had 'wide latitude' to do so." United States v. Wisecarver, 911 F.3d 554, 558 (8th Cir. 2018) (first alteration and omission in original) (quoting United States v. Maxwell, 664 F.3d 240, 247 (8th Cir. 2011)). We conclude that the district court did not abuse its discretion in imposing a 192-month sentence.

The judgment is affirmed.

_____