# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3128
_____

United States of America

*Plaintiff - Appellee*

v.

Kevin Mitchell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 11, 2019
Filed: February 25, 2020
[Unpublished]

_____

Before GRUENDER, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

In January 2018, Kevin Mitchell entered a Walgreens in Omaha, Nebraska armed with a machete and demanded to be taken to the store's safe. Mitchell then ran the machete across an employee's arm and stated, "See, it's sharp." The employees took Mitchell to the safe, and one employee managed to place a GPS tracking device with the money. Mitchell took the cash and left. A short time later, officers located Mitchell and arrested him.

In February 2018, a grand jury indicted Mitchell for one count of obstructing commerce by robbery under 18 U.S.C. § 1951. Mitchell pleaded guilty without a plea agreement. At sentencing, the district court[1] found that Mitchell qualified as a career offender under § 4B1.1 of the sentencing guidelines. The court calculated a total offense level of 29 and a criminal history category of VI, resulting in an advisory guideline range of 151 to 188 months. The district court sentenced Mitchell to 151 months' imprisonment.

Mitchell now appeals, arguing that the district court erred in classifying him as a career offender because his conviction for robbery under 18 U.S.C. § 1951 does not qualify as a "crime of violence" under U.S.S.G. § 4B1.1(a). "We review classification as a career offender de novo." *United States v. Quigley*, 943 F.3d 390, 393 (8th Cir. 2019).

Because the district court would have given Mitchell the same sentence regardless of the career-offender enhancement, we find that any error was harmless. A district court's sentencing error is harmless if the district court "specifies the resolution of a particular issue did not affect the ultimate determination of a sentence." *United States v. Martinez*, 821 F.3d 984, 988-89 (8th Cir. 2016). Here, the court noted that it "would have pronounced the same sentence even if . . . [Mitchell's] objections" to the enhancement had been meritorious. The court explained that the sentence was appropriate due to the "serious" and "scary" nature of the crime and the need to "protect[] the public and afford[] adequate deterrence." *See* 18 U.S.C. § 3553(a). Thus, any error in the district court's application of the career-offender enhancement was harmless. *See Martinez*, 821 F.3d at 989 (noting that an improper career-offender finding is harmless when "the district court . . . would have . . . imposed the same sentence even if a lower guideline range applied").

---

[1]The Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska.

For the foregoing reasons, we affirm.

_____