# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1909
_____

United States of America

*Plaintiff - Appellee*

v.

Mykael Robertson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: April 13, 2020
Filed: May 11, 2020
[Unpublished]
_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

In 2018, Mykael Robertson and a compatriot fired multiple shots at rival gang members near a playground with children present in Cedar Rapids, Iowa. Robertson pled guilty to unlawfully possessing ammunition in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). The presentence investigation report ("PSIR")

recommended an offense level of 33 under U.S.S.G. § 2A2.1(a)(1) because "the object of the offense would have constituted first degree murder." The PSIR included a recommendation for three levels downward for acceptance of responsibility and timely notification of intent to change plea, resulting in a total offense level of 30. Robertson was in criminal history category VI, which yielded a sentencing guideline range of 168–210 months. As the statutory maximum sentence was less than the applicable advisory guideline range, the sentencing range was adjusted to 120 months. See U.S.S.G. § 5G1.1(a).

Robertson objected to the PSIR's offense level and criminal history calculations and requested a downward variance. After hearing evidence and taking argument, the district court[1] denied each of Robertson's objections. He was sentenced to a 120-month term of imprisonment.

On appeal Robertson contends that the court erred in calculating his guideline range and imposed a substantively unreasonable sentence. We first review a challenge to a sentence for procedural error. United States v. Belfrey, 928 F.3d 746, 750 (8th Cir. 2019) (citing United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)). An incorrect guideline calculation is a harmless error when the district court would have imposed the same sentence even if the guideline range was lower. United States v. Martinez, 821 F.3d 984, 988–89 (8th Cir. 2016). Once assured there is no procedural error, our review considers the substantive reasonableness of the sentence under an abuse-of-discretion standard. Belfrey, 928 F.3d at 750.

We need not decide whether the district court erred in calculating Robertson's guideline range because any error would be harmless. The court expressly stated it

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

intended to exercise its discretion and impose the 120-month maximum sentence because of the extreme danger Robertson created and continued to pose to the community.

Robertson next asserts his 120-month sentence is substantively unreasonable. In this context a district court abuses its discretion when "it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in weighing the appropriate factors." United States v. Luscombe, 950 F.3d 1021, 1031 (8th Cir. 2020). The court considered each of the 18 U.S.C. § 3553(a) factors and found no mitigating factors in the defendant's behavior, history, or characteristics. The court specifically noted: "[Robertson's] case [is] extremely aggravating, again, not only because the defendant and his cohort attempted to murder two people, but discharged firearms in a community, in an area that endangered the lives of many other people in a completely reckless and irresponsible manner." And, "[I]f this case was not already a situation where the defendant is at the top of the statutory maximum sentence, I would vary upward. I wish I could give a longer sentence." The court's analysis did not fail to consider a relevant factor, give weight to an improper factor, or commit a clear error of judgment in weighing the factors.

For the foregoing reasons, we affirm.

_____