# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3716
_____

United States of America

*Plaintiff - Appellee*

v.

Robert Franke, III

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: September 21, 2020
Filed: December 15, 2020
[Unpublished]
_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.
_____

PER CURIAM.

Robert Franke, III received a 360-month prison sentence after he pleaded guilty to producing child pornography. *See* 18 U.S.C. § 2251(a). Although Franke challenges the sentence on both procedural and substantive grounds, we affirm.

The procedural challenge is based on the district court's[1] decision to vary upward from the recommended Guidelines range, which was 210 to 262 months in prison, to the statutory maximum. *See* 18 U.S.C. § 2251(e). Franke claims that the court failed to explain why it gave him such "an unusually harsh sentence." *Gall v. United States*, 552 U.S. 38, 46 (2007).

Contrary to Franke's argument, however, the district court explained exactly why it varied upward. Specifically, Franke did not just produce child pornography, he "essentially raped [his] daughter from the time she was 12 until she was 15" and encouraged her to take drugs and alcohol beforehand to "loosen . . . up." To use the district court's words, these acts were "way outside the bounds of a normal child pornography situation." Even if the variance here was a "major" one, *United States v. Martinez*, 821 F.3d 984, 990 (8th Cir. 2016) (quoting *Gall*, 552 U.S. at 50), the explanation for it was sufficient.

Franke also challenges the substantive reasonableness of the sentence, in part because he believes the district court "double counted" several facts. Among them were that the "offense involved . . . the commission of a sexual act or sexual contact," U.S.S.G. § 2G2.1(b)(2)(A) (providing for a two-level enhancement); the victim was younger than 16, *id.* § 2G2.1(b)(1)(B) (same); and he "was a parent," *id.* § 2G2.1(b)(5) (same). The court first counted them, he explains, by increasing the offense level, and then again by relying on them as reasons to vary upward. *See Martinez*, 821 F.3d at 989–90 (accepting a similar argument). As we have recognized, however, nothing prevents a district court "from determining that the weight the Guidelines assigned to a particular factor [is] insufficient," provided that it "take[s] care in doing so." *United States v. Thorne*, 896 F.3d 861, 865 (8th Cir. 2018). It did so here by tying the variance, at least in part, to the nature and length of the sexual abuse.

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

We reach a similar conclusion about Franke's attempts to persuade his daughter to use drugs and alcohol. He points out that he never succeeded in having her try either one, and even if he had, the range still would have been lower than the sentence he actually received. *See* U.S.S.G. § 2G2.1(b)(2)(B). Still, the court had the discretion to consider his efforts as part of "the nature and circumstances of the offense." 18 U.S.C. § 3553(a); *see United States v. Nguyen*, 829 F.3d 907, 926 (8th Cir. 2016) (acknowledging the district court's "wide latitude" to weigh the statutory sentencing factors). And to the extent he wishes they would have played a less prominent role in the court's decision to vary upward, this "alone does not justify reversal." *United States v. Townsend*, 617 F.3d 991, 994 (8th Cir. 2010) (per curiam).

We accordingly affirm the judgment of the district court.

_____