# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3378

_____

United States of America

*Plaintiff - Appellee*

v.

Valen Ray Gilmer

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: October 18, 2021
Filed: December 14, 2021
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

_____

PER CURIAM.

Valen Ray Gilmer pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At Gilmer's first sentencing hearing, the government asked the district court to vary upward from the 37- to 46-month sentencing range under the U.S. Sentencing Guidelines (Guidelines). After indicating that it was considering sentencing him above the Guidelines range, the district court

continued the hearing to allow Gilmer time to respond.  At the second hearing, the district court[1] imposed the sentence the government requested: 72 months' imprisonment.  We affirm.

Gilmer argues that the district court failed to adequately explain its reasoning for varying upward and that it thus imposed a procedurally unreasonable sentence. Because Gilmer did not object to the adequacy of the district court's explanation at sentencing, we review only for plain error.  See United States v. Callaway, 762 F.3d 754, 759 (8th Cir. 2014).  The court twice stated—once each in the initial and final hearings—that it had reviewed and considered the appropriate 18 U.S.C. § 3553(a) factors in determining Gilmer's sentence.  See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (quoting United States v. Walking Eagle, 553 F.3d 654, 659 (8th Cir. 2009)) (A district court need not mechanically list each relevant factor; "[r]ather, it simply must be clear from the record that the district court actually considered the § 3553(a) factors in determining the sentence.").  The court further explained that it had considered the parties' statements at sentencing, which included the government's argument that an upward variance was warranted because of Gilmer's extensive time on probation, his regular use of marijuana, and his admission that he had driven past a rival gang member's house wielding an allegedly fake firearm and had worn body armor during an encounter with law enforcement.  In light of those arguments, the district court determined that an upward variance was "not only justified[,] but needed" to protect the public from Gilmer.  Sentencing Tr. 12. We are satisfied from the district court's explanation that it "ha[d] considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority" when it sentenced Gilmer.  See United States v. DeMarrias, 895 F.3d 570, 573 (8th Cir. 2018) (third alteration in original) (quoting United States v. Moore, 565 F.3d 435, 437 (8th Cir. 2009)).  We thus conclude that the district court did not plainly err in explaining Gilmer's sentence.

---

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

Gilmer next argues that the district court's 72-month sentence is substantively unreasonable. Because Gilmer objected at sentencing to the substance of his sentence, we review for abuse of discretion. See United States v. Bertucci, 794 F.3d 925, 927 (8th Cir. 2015). Gilmer argues that the reasons the district court stated for the variance—Gilmer's probation status, his gang affiliation, and the number and capacity of the firearms he possessed—had been contemplated by the Guidelines range and could not also constitute the basis for an upward variance. District courts are not forbidden, however, "from determining that the weight the Guidelines assigned to a particular factor was insufficient" and varying upward, so long as they take care to avoid undermining sentencing uniformity. United States v. Thorne, 896 F.3d 861, 865 (8th Cir. 2018) (discussing United States v. Martinez, 821 F.3d 984 (8th Cir. 2016)). Further, the district court had heard and considered factors not accounted for by the Guidelines, both aggravating (Gilmer's pre-sentencing daily use of marijuana, as well as his unindicted possession of a .40 caliber handgun) and mitigating (his mental health history and his commitment to reform). Because Gilmer has not shown that the district court failed to consider a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the proper factors, we conclude that the district court did not abuse its discretion by varying upward. See United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012).

The judgment is affirmed.

_____