# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-1594

———————————————

United States of America

*Plaintiff - Appellee*

v.

Eric L. Harper

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: January 10, 2022
Filed: July 14, 2022
[Unpublished]

——————————

Before COLLOTON, KELLY, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Eric Harper pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g). The district court[1] varied upward from the Guidelines range and sentenced him to 66 months in prison. Harper appeals, claiming that his sentence is substantively unreasonable. We affirm.

——————————————

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

While investigating a shooting involving Harper's car, officers saw Harper at a gun range with two friends. They watched him fire three guns, then put them into his backpack before leaving the range. After confirming Harper was a felon, the officers pulled him over and arrested him. Harper later admitted to possessing the guns and shooting them at the gun range several times that year.

Harper pleaded guilty to possessing the firearms as a felon. The Presentence Report assessed four criminal history points based on his prior convictions for driving without insurance and attempted second-degree robbery. It also recommended a two-level enhancement under U.S.S.G. § 2K2.1(b)(1)(A) because the offense involved three guns. This resulted in a Guidelines range of 46–57 months in prison.

The district court varied upward and sentenced Harper to 66 months in prison. It found that there was insufficient evidence that Harper was involved in the shooting that triggered the investigation or a prior shooting that happened during the attempted robbery. But the court noted that his criminal history score did not accurately reflect the severity of the attempted robbery conviction. It also pointed out that the current offense was not a one-off gun possession—Harper admitted to repeatedly having and shooting guns at the range. The court concluded that an above-Guidelines sentence was warranted because Harper posed an "unusual danger to the public" and presented an "unusual need for deterrence."

Harper appeals his sentence, arguing that the upward variance is substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. (citation omitted).

Harper first argues that because his second-degree robbery conviction was already accounted for in his Guidelines range, the court could not rely on the severity of that conviction to vary upward. Although our decision in United States v. Martinez, 821 F.3d 984, 989–90 (8th Cir. 2016), cautions against using conduct already reflected in the Guidelines to support a substantial upward variance, it does not prohibit it. Rather, Martinez "counsels courts to take care in doing so." United States v. Thorne, 896 F.3d 861, 865 (8th Cir. 2018). The district court did not commit a clear error of judgment in weighing Harper's prior conviction.

The district court also viewed Harper's repeated possession of guns as warranting an upward variance. Harper argues that this was an abuse of discretion because unlawful possession of a firearm is a "continuing" offense, so the number of guns or length of time he possessed them is irrelevant for prosecution. United States v. Richardson, 439 F.3d 421, 422 (8th Cir. 2006) (en banc) (per curiam); United States v. Maxim, 55 F.3d 394, 397 (8th Cir. 1995). While this is true, the court is required to consider the sentencing factors in 18 U.S.C. § 3553(a), which include the nature and circumstances of the offense. Here, the court noted that Harper's offense was more serious than a typical felon in possession case because he admitted to possessing and shooting multiple guns that year. The court did not abuse its discretion by relying on this factor to vary upward.

Finally, Harper claims that the court failed to consider his family circumstances as a mitigating factor. The court did not explicitly mention this in its § 3553(a) analysis. But Harper argued this issue to the district court both in his sentencing memorandum and at the sentencing hearing, so we presume that the district court considered and rejected it as a significant mitigating factor. United States v. Timberlake, 679 F.3d 1008, 1012 (8th Cir. 2012).

Accordingly, we affirm.

_____