# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1185
_____

United States of America

*Plaintiff - Appellee*

v.

Trent Tyrone Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: January 13, 2025
Filed: March 3, 2025
[Unpublished]

_____

Before SMITH, BENTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Trent Tyrone Smith pled guilty to one count of arson, in violation of 18 U.S.C.
§ 844(i). The district court[1] calculated an advisory Sentencing Guidelines range of
70 to 87 months and varied upward to impose the statutory maximum term of

---

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern
District of Arkansas.

imprisonment of 240 months. Smith appeals, asserting his sentence is substantively unreasonable. We affirm.

On the night of March 3, 2022, the Little Rock Fire Department responded to calls about two locations of The Grind Coffee Bistro, a coffee chain in Arkansas. The sprinkler system and alarm were triggered at the first location, while a fire was ongoing at the second location. During the subsequent investigation, law enforcement officers learned that Tammye Ervin (also known as Heaven McKinney), owner of the chain, had recently ended a romantic relationship with Smith, a former employee. Officers began to suspect Smith had targeted the chain. They learned he had access to McKinney's missing spare keys and discovered surveillance footage that captured him purchasing gas cans similar to those recovered after the fire. Investigators also placed his vehicle near both locations on the night in question.

A grand jury indicted Smith on two counts of arson under 18 U.S.C. § 844(i). Pursuant to a plea agreement, Smith pled guilty to Count Two and agreed to pay $410,244.14 in restitution. Id. At sentencing, the district court calculated Smith's advisory Sentencing Guidelines range as 70 to 87 months, based on a total offense level of 21 and category V criminal history. McKinney shared a detailed victim impact statement at the hearing. She described Smith's abusive behavior, and how she broke up with him after he had choked and raped her one night while high on drugs. She also confirmed her statements under oath and was subject to cross examination. The district court found McKinney's testimony credible.

The government advocated for the statutory maximum sentence of 240 months' imprisonment, while Smith requested a within-Guidelines sentence based on his age, alcohol addiction, and mental health issues. The district court ultimately

sentenced Smith to 240 months' imprisonment, 3 years' supervised release, and the agreed-upon restitution payment of $410,254.14.[2]

We review Smith's challenge to the substantive reasonableness of his sentence for abuse of discretion. United States v. Washington, 893 F.3d 1076, 1080 (8th Cir. 2018). A district court abuses its discretion if it: (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in weighing the appropriate factors. United States v. Ali, 799 F.3d 1008, 1033 (8th Cir. 2015). If the district court imposes an upward variance, it must assess the extent of the deviation and ensure a compelling justification supports it. United States v. Martinez, 821 F.3d 984, 989 (8th Cir. 2016).

First, relying on Martinez, 821 F.3d at 989, Smith contends the district court abused its discretion by overemphasizing factors already reflected in his Guidelines range. In Martinez, this Court vacated a 262-month sentence premised on a Guidelines range of 121 to 151 months after concluding Martinez's criminal history did not justify such a severe variance. Id. at 989. We have since explained that Martinez does not bar the district court from "determining that the weight the Guidelines assigned to a particular factor was insufficient, but rather counsels courts to take care in doing so." United States v. Thorne, 896 F.3d 861, 865 (8th Cir. 2018) (per curiam). Here, the district court determined that the Guidelines range underrepresented the dangerousness of Smith's offense. Additionally, it found Smith's long history of violent crimes—including multiple assaults and wanton endangerment of law enforcement officers—demonstrated "an upward trend of incredibly dangerous violence" that put the public at risk. While the variance is significant, it is amply supported by the record.

---

[2]The plea agreement states Smith agreed to pay $410,244.14 in restitution, but the individual line items in the agreement totaled $410,254.14. The district court's written judgment reflects the correct amount.

Smith also asserts the district court abused its discretion by failing to consider the need to avoid sentencing disparities, noting the average sentence for similarly situated defendants is lower than his sentence. However, the district court necessarily gave significant weight and consideration to this factor when it calculated and reviewed the applicable Sentencing Guidelines range. See Gall v. United States, 552 U.S. 38, 54 (2007). After this consideration, the district court decided to vary upward based on an individualized assessment of the 18 U.S.C. § 3553(a) factors. We have repeatedly upheld sentences substantially above the advisory Sentencing Guidelines range where the totality of the circumstances justified the increase. See United States v. Mack, 766 F. App'x 415, 418 (8th Cir. 2019) (unpublished per curiam) (collecting cases).

Finally, Smith contends the district court failed to sufficiently credit his commitment to pay $410,254.14 in restitution—the total value of the arson damage—despite only pleading guilty to one of two counts. Under 18 U.S.C. § 3663A, restitution can only be imposed for losses directly caused by the offense of conviction unless (1) the offense involves a scheme, conspiracy, or pattern of criminal activity, or (2) the defendant agrees otherwise in a plea agreement. Because Smith pled guilty to a crime that does not include a scheme, conspiracy, or pattern of criminal activity as an element, he asserts his required payment would have been lower but for the plea agreement's restitution term, which is a factor the district court should have weighed more heavily.

The record shows the district court acknowledged the terms of the plea agreement at sentencing, meaning it was aware of Smith's "purported generosity and acted within its discretion by giving it less weight" than Smith preferred. United States v. Ward, No. 23-3192, 2024 WL 2768464, at *1 (8th Cir. May 30, 2024) (unpublished per curiam). For reversal, Smith "must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors." United States v. Townsend, 617 F.3d 991, 995 (8th Cir. 2010) (per curiam). He has not crossed this bar. We find no abuse of discretion, and we affirm.

_____